(No. 42718.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ODELL POWELL, Appellant.

*Opinion filed October 7, 1970.*

ORWIN H. PUGH, Public Defender, of Murphysboro, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield and RICHARD E. RICHMAN, State's Attorney, of Murphysboro, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. Justice Kluczynski delivered the opinion of the court:

On this appeal from the circuit court of Jackson County, defendant, Odell Powell, complains that his petition filed pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) was improperly denied.

After a jury trial, Powell was found guilty of the crime of armed robbery and on November 28, 1967 was sentenced to the penitentiary for a term of not less than three years nor more than ten years. In May 1969, defendant by his attorney, the public defender of Jackson County, filed a post-conviction petition alleging that his constitutional rights were violated. The State filed a motion to dismiss contending that the petition alleges mere conclusions unsupported by factual allegations. The trial court, considering both the petition and the trial record, denied defendant's petition upon finding that he was not deprived of any substantial constitutional right. He appeals directly to this court contending that his petition was sufficient to warrant a hearing under the Post-Conviction Hearing Act.

This court held in *People* v. *Orndoff,* 39 Ill.2d 96, that: "The purpose of the Post-Conviction Hearing Act [citation] is to provide a remedy whereby petitioners, who allege they were imprisoned in violation of their constitutional rights, may obtain a hearing to determine whether any such violations occurred at the time of their conviction. This remedy is limited to constitutional issues and does not provide an opportunity for the redetermination of the guilt or innocence of the petitioner. [Citation.] A petition filed under the Act, moreover, must make a substantial showing, rather than mere allegations or conclusions, that constitutional rights have been violated. *People* v. *Ashley,* 34 Ill.2d 402." 39 Ill.2d at 98-99.

The petition filed by defendant alleges that his constitutional rights were violated because: (1) a shotgun was not

suppressed as evidence; (2) the gun was improperly admitted into evidence; (3) the court did not excuse a juror who was seen with a witness in the corridor of the court house, and (4) the defense was not given an opportunity to cross-examine a State's witness as to her background. As we have previously noted, this appeal is limited to those errors which involve substantial constitutional rights.

The question whether the shotgun should have been suppressed as evidence because of an illegal search does present a substantial constitutional issue. Section 2 of the Post-Conviction Hearing Act, in pertinent part, reads as follows: "The petition shall * * * clearly set forth the respects in which petitioner's constitutional rights were violated. The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." (Ill. Rev. Stat. 1965, ch. 38, par. 122—2.) In *People* v. *Reeves,* 412 Ill. 555 (1952) the court noted: "The requirement for such accompanying affidavits is necessitated by the need to furnish information *dehors* the available record or to require at the hearing an adequate search of those parts of the record not then in the hands of or available to the petitioner." (412 Ill. at 559-60.) The allegation of a mere conclusion that certain constitutional rights have been violated is not sufficient. On the contrary there must be "a substantial showing" of a violation of constitutional rights. The record does not indicate to us such a violation. There were no affidavits filed in support of the defendant's allegations. "Where there are no supporting affidavits and their absence is neither explained nor excused, the trial court should either dismiss the petition or grant further time within which such affidavits may be obtained." (*People* v. *Jennings,* 411 Ill. 21, 26.) The State's motion to dismiss was directed at the insufficiency of the petition. The defendant had an opportunity to amend the petition at the trial level by filing affidavits in support thereof, and thereby furnish additional information *dehors*

the record. The defendant failed to do so. Considering the petition and the record before the court, the dismissal was proper. Accordingly, the judgment of the circuit court of Jackson County is affirmed.

*Judgment affirmed.*