THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. CHARLES ROBINSON, Petitioner-Appellant.

Third District   No. 3—86—0648

Opinion filed September 14, 1987.—Rehearing denied October 15, 1987.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellant.

Edward Petka, State's Attorney, of Joliet (Gerald P. Ursini, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

This is an appeal from the trial court's dismissal of the petitioner's petition for post-conviction relief.

A jury convicted the petitioner, Charles R. Robinson, of armed robbery. (Ill. Rev. Stat. 1981, ch. 38, par. 18—2(a).) Prior to sentencing, the petitioner filed a *pro se* motion to have his court-appointed attorney replaced. The petitioner was dissatisfied with his attorney's handling of the petitioner's mistaken identification defense. In partic-

ular, the petitioner believed his attorney should have offered into evidence a photograph of the petitioner taken two days prior to the crime. The attorney had offered only a photograph taken of the petitioner two days after the crime.

Following a hearing on the matter, the court denied the petitioner's motion. The petitioner thereafter filed two similar motions, both of which were denied.

On the petitioner's direct appeal of his conviction, he argued only that the trial court had erred in refusing to rule on the merits of his motion *in limine* concerning the admissibility of testimony about his refusal to take part in a lineup. We affirmed the trial court. *People v. Robinson* (1983), 112 Ill. App. 3d 1170 (unpublished Rule 23 order).

The petitioner then filed a *pro se* petition for post-conviction relief, arguing that he had received ineffective assistance of counsel at trial and on appeal. The trial court appointed counsel to represent the petitioner. The court-appointed counsel later filed a motion to withdraw, stating that he had found no constitutional issues suitable for post-conviction relief. Following a hearing on counsel's petition, the trial court allowed the motion.

The State then filed a motion to dismiss the petitioner's post-conviction petition. In response, the petitioner filed a *pro se* answer explaining in more detail his ineffective assistance allegations, which were similar to those he had presented in his original motion prior to sentencing. The petitioner also asked for a new court-appointed attorney. Following a hearing on the State's motion, the trial court found that there were no issues rising to a constitutional level and therefore dismissed the petitioner's petition for post-conviction relief. The petitioner appeals the trial court's decision.

On appeal, the petitioner first argues that the trial court erred in dismissing his petition without an evidentiary hearing on his allegations of ineffective assistance of counsel at trial and on appeal.

■■ ■ Dismissal of a post-conviction petition is a matter within the trial court's discretion; the petitioner is not entitled to an evidentiary hearing as a matter of right. (*People v. Hanrahan* (1985), 132 Ill. App. 3d 640, 478 N.E.2d 31.) Only when the petitioner makes a substantial showing of a constitutional violation is an evidentiary hearing necessary. (*People v. Powell* (1970), 46 Ill. 2d 416, 263 N.E.2d 33.) Conclusory allegations are not sufficient. *People v. Howard* (1981), 94 Ill. App. 3d 797, 419 N.E.2d 702.

■ In the instant case, we find no error in the trial court's dismissal of the petitioner's petition. Having reviewed the record, we find that the petitioner's allegation regarding the trial court's refusal

to rule on the motion *in limine* is barred by the doctrine of *res judicata*, and that his allegations concerning ineffective assistance of counsel are not supported by a clear and substantial showing. The trial court therefore correctly determined that the petitioner had not shown that his allegations of error rose to a constitutional level. Accordingly, an evidentiary hearing was not warranted.

■ The defendant's second argument on appeal is that he was denied adequate representation on his petition for post-conviction relief, because his attorney did not comply with *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, and because his attorney filed a motion to withdraw prior to the disposition of the petition.

On post-conviction review, due process does not require that court-appointed counsel comply with the *Anders* procedures, which govern withdrawal from representation on direct appeal due to the alleged frivolousness of the appeal. (*Pennsylvania v. Finley* (1987), 481 U.S. ____, 95 L. Ed. 2d 539, 107 S. Ct. 1990. Compliance with Supreme Court Rule 651(c) (87 Ill. 2d R. 651(c)), which requires certification that the attorney consulted with the petitioner, examined the record, and made any necessary changes in the petition, is sufficient representation. *People v. McCarty* (1974), 17 Ill. App. 3d 796, 308 N.E.2d 655.

■ In the instant case, the defendant's court-appointed attorney for his post-conviction petition filed a motion to withdraw, along with a certificate pursuant to Supreme Court Rule 651. In these documents, the attorney certified that he had consulted with the petitioner by mail on two occasions in order to ascertain his contentions of deprivation of his constitutional rights; that he had examined the entire record of trial proceedings and the common law record; and that it was the attorney's opinion that no amendments to the petitioner's *pro se* petition were necessary based on counsel's conclusion that no constitutional issues existed which could properly be presented to the court in a post-conviction proceeding. The trial court conducted a hearing on the attorney's motion to withdraw before granting it. Based on the record, we find that the trial court properly allowed the petitioner's counsel's motion to withdraw.

■ The petitioner's final argument is that the trial court erred when it assigned a new judge to preside over his post-conviction hearing. In support of his argument, the petitioner notes that section 122—8 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—8), which provides that a post-conviction petition is to be assigned to a judge other than the judge involved in the original conviction proceeding, was held unconstitutional by the supreme court in

*People v. Joseph* (1986), 113 Ill. 2d 36, 495 N.E.2d 501. Accordingly, contends the petitioner, this cause must be remanded for further proceedings, because his petition was assigned to a judge other than the one who presided over his trial.

In *People v. Farmer* (1986), 148 Ill. App. 3d 723, 499 N.E.2d 710, the court stated:

"In *Joseph*, section 122—8 was declared unconstitutional because it directly interfered with the general judicial authority regarding assignment of cases. The supreme court in *Joseph* did not hold that a post-conviction petition could never be assigned to a judge who was not involved in the original proceeding which resulted in a conviction. Nor did the *Joseph* court hold that all petitions must be assigned to a judge who did preside over the original proceeding. The court merely held that a statute which infringed upon an area of judicial administration could not stand." 148 Ill. App. 3d 723, 729, 499 N.E.2d 710, 714.

Having examined the statute, *Joseph*, and *Farmer*, we agree with the reasoning and decision in *Farmer*. Accordingly, we find that it was not error in the instant case to assign the petitioner's case to a new judge.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

WOMBACHER and HEIPLE, JJ., concur.