THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LARRY RIAL, Defendant-Appellant.

Third District   No. 3—90—0082

Opinion filed June 5, 1991.—Rehearing denied July 2, 1991.

Larry J. Rial, of Joliet, appellant *pro se.*

Edward Burmila, Jr., State's Attorney, of Joliet (Elizabeth A. Klug, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

A jury convicted the defendant, Larry Rial, of attempted murder, armed robbery, aggravated kidnapping, and armed violence. The trial court vacated the armed violence conviction and sentenced the defendant to concurrent terms of 30, 30, and 15 years' imprisonment, respectively. This court affirmed his conviction on appeal. (*People v. Rial* (3d Dist. 1983), No. 3—83—0276 (unpublished order under Supreme Court Rule 23).) Thereafter, the defendant filed a post-conviction petition, which the trial court dismissed without a hearing. The defendant appeals that dismissal. We affirm.

The record shows that the defendant filed a *pro se* post-conviction petition and thereafter counsel was appointed to represent him. The defendant continued to file *pro se* supplemental and amended petitions. Thereafter, defendant's counsel filed a motion to withdraw as counsel, stating that no amendments to the defendant's *pro se* petitions could be made and that no constitutional issues existed which could be presented to the court.

The trial court granted defense counsel's motion, and the defendant proceeded on his *pro se* petitions. The State filed a motion to dismiss the petitions, and the trial court granted the motion.

On appeal, the defendant first argues that he was denied effective assistance of counsel due to the trial court's error in allowing his post-conviction counsel to withdraw.

In a post-conviction case, compliance with Supreme Court Rule 651(c) (87 Ill. 2d 651(c)), which requires certification that the attorney consulted with the petitioner, examined the record, and made any necessary changes in the petition, is sufficient representation. *People v. Robinson* (1987), 160 Ill. App. 3d 366, 513 N.E.2d 603.

Here, the record shows that the defendant's counsel complied with Supreme Court Rule 651(c). In his motion to withdraw, counsel certified the following: (1) he had consulted with the defendant on two occasions; (2) he had examined the entire record of the trial proceedings and the common law record; and (3) it was his opinion no amendments to the defendant's *pro se* petition were necessary based on counsel's conclusion that no constitutional issues existed which could properly be presented to the court in a post-conviction proceeding. The record also shows the trial court conducted a hearing on counsel's motion before granting it.

■ Based on the record, we find that defense counsel adequately consulted with the defendant and would have been aware of any necessary amendments to the petition. As such, we conclude defendant's counsel complied with Rule 651(c) and rendered effective assistance.

The defendant next argues the trial court erred in dismissing his petition without a hearing. He alleges he was entitled to a hearing due to the fact his petition raised eight errors that occurred below.

The defendant's first two alleged errors concern ineffective assistance of counsel.

■■ ■ A defendant is not entitled as a matter of right to an evidentiary hearing on a post-conviction petition alleging incompetency of counsel. (*People v. Hanrahan* (1985), 132 Ill. App. 3d 640, 478 N.E.2d 31.) Conclusional allegations concerning the competency of counsel are not sufficient to require a post-conviction hearing. (*People v. Howard* (1981), 94 Ill. App. 3d 797, 419 N.E.2d 702.) Furthermore, a defendant who alleges incompetency must show that counsel's shortcomings affected the outcome of the proceedings. (*People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.) Denial of an evidentiary hearing on a post-conviction petition is discretionary with the trial court, and its decision will not be reversed absent an abuse of that discretion. *People v. Hanrahan* (1985), 132 Ill. App. 3d 640, 478 N.E.2d 31.

In the case at hand, the defendant first contends that his counsel was ineffective because counsel was running for public office and as such was not able to devote adequate time to the defendant's case. He alleges that due to this, counsel failed to adequately interview witnesses and investigate.

■ When the defendant attacks the competency of his counsel for failing to call or contact witnesses, he must attach affidavits from those witnesses to his post-conviction petition and explain the significance of their testimony. (*People v. Carmickle* (1981), 97 Ill. App. 3d 917, 424 N.E.2d 78.) Here, the defendant has failed to support his al-

legations with affidavits from witnesses pointing out testimony that would have been favorable to him or would have affected the outcome of the proceedings. As such, we cannot say his counsel was ineffective.

The defendant next alleges his counsel was ineffective for failing to file a motion to suppress evidence. Specifically, he states that evidence found in his home was improperly admitted because he never gave the police consent to search his home.

■■ The record shows that Deputy Sheriff Raymond Compton testified the defendant gave him permission to search his home. The defendant does not cite, nor were we able to find, any evidence in the record contradicting Compton's testimony. Accordingly, we find the defendant's contention to be without merit.

The defendant raises a number of different issues wherein he contends he is entitled to an evidentiary hearing due to errors of constitutional dimension.

■■ A defendant is not entitled to an evidentiary hearing as a matter of right, but has the burden of showing a substantial denial of his constitutional rights. (*People v. Hanrahan* (1985), 132 Ill. App. 3d 640, 478 N.E.2d 31.) The denial of an evidentiary hearing on a post-conviction petition is discretionary with the trial court, and its decision will not be reversed absent a manifest abuse of discretion. *People v. Reed* (1980), 84 Ill. App. 3d 1030, 405 N.E.2d 1065.

The defendant first argues the trial court erred in dismissing his petition because the State withheld evidence favorable to him. He contends that four witnesses conspired against him and the State failed to turn over a diary which contained evidence of the conspiracy. In addition, the State withheld information regarding the victim's criminal history.

■■ The suppression by the State of material evidence favorable to an accused which was requested by the defense is a violation of due process. (*People v. Morgan* (1979), 76 Ill. App. 3d 302, 395 N.E.2d 103.) In the case at hand, the defendant has failed to support his claim the State withheld evidence. Regarding his contention the State failed to provide him with information on the victim's criminal history, the record shows the State did give him that information.

As to his contention the State withheld a diary, we note the defendant has failed to supply this court with a record cite showing he requested the State to provide it. More importantly, he has failed to file any affidavits from witnesses testifying that such a diary actually existed or, if it did exist, that the State knew about it and withheld it from the defendant.

The defendant next argues that he is entitled to a hearing because of the State's use of perjured testimony. He alleges that witnesses Bales, Keagle, Harris, and Buie all conspired against him and perjured themselves at his trial.

■ At the onset, we note Buie and Keagle did not testify at the defendant's trial. Once again, the defendant has supplied us with mere conclusions of errors. He has failed to provide record cites showing what testimony was allegedly false. Furthermore, he has failed to file affidavits or point to any evidence that supports his contention that the witnesses perjured themselves or conspired against him.

The defendant next contends he is entitled to a hearing due to trial court misconduct. He alleges the court committed the following errors: (1) denied him a copy of his codefendant's trial transcripts; (2) denied his attorney the right to impeach a witness; (3) withheld information regarding his codefendant's mental instability; and (4) responded to two jury questions without notifying the defendant that questions had been posed.

We find the defendant's allegations to be without merit. Regarding the first contention, the record shows the trial court held that the defendant could have a copy of the codefendant's transcripts. The court found, however, the defendant was not entitled to a free copy of it and if he wanted it he would have to pay the expenses.

■ We find the trial court's decision was correct. While the law holds that an indigent defendant is entitled to a free transcript of his own trial (*Griffin v. Illinois* (1956), 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585), it does not hold he is entitled to a free transcript of someone else's trial.

■ The defendant's second contention is the court erred in not allowing defense counsel to impeach a witness. However, he has failed to provide this court with a record cite showing where this alleged error occurred. In addition, he has failed to file affidavits showing what witness could have been impeached and what evidence could have been used to impeach the witness. As such, we cannot conclude any error occurred.

The defendant's third contention is the trial court erred in withholding information from him. The defendant is apparently arguing a trial court has the responsibility of supplying a defendant with evidence. However, he has failed to cite any cases that support this proposition, and as such, we find his contention to be without merit.

The defendant's fourth contention regarding court misconduct is that the trial court answered two questions posed by the jury without notifying him.

Once again the defendant has failed to provide a record cite showing where these errors occurred. Our review of the record shows the jury sent one question to the court. In addition, the record tends to show the defendant and his attorney were present to discuss the answer that was given to the jury.

The defendant next argues he is entitled to a hearing because of police misconduct. Specifically, he alleges the police threatened Stacie Rial in connection with this case.

The defendant filed an affidavit from Stacie stating the police threatened to arrest her unless she gave them some letters. However, he has failed to show how this amounts to a substantial denial of a constitutional right since he did not establish that these letters were used against him at trial.

The defendant next argues he is entitled to a hearing because he was not properly informed of all his rights regarding a speedy trial. Specifically, he contends he was not told that if he waived his right to a speedy trial in the case at hand, it would affect his rights in all other pending cases wherein he was a defendant.

We find the defendant's contention to be irrelevant. He has not shown how his waiver in this case prejudiced him or how it possibly affected the outcome of this proceeding.

The defendant next argues he was denied meaningful access to the courts. He alleges the trial court improperly allowed his post-conviction counsel to withdraw and then improperly denied his repeated requests for appointment of new counsel.

As we have previously held, the trial court properly allowed defense counsel to withdraw pursuant to Supreme Court Rule 651. Regarding the defendant's contention that other counsel should have been appointed, we find the record does not support this. Here, the defendant told the trial court he was prepared to represent himself for the remainder of the hearings on his post-conviction petition. As such, we decline to allow the defendant to complain of a procedure he himself requested.

The defendant next contends his petition was improperly dismissed since the court's decision was based solely on defense counsel's statement that no constitutional issues existed.

Once again the record fails to support the defendant's contention. Instead, it shows the State filed a motion to dismiss which

included a memorandum that addressed each of the issues raised in the petitions.

The defendant's final argument is that the jury instruction for attempted murder was defective because it did not state that the intent to kill was a necessary element of the crime.

■■■ This same issue was addressed in *People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331. There, the court held that the giving of the defective attempted murder instruction did not constitute the denial of a constitutional right cognizable under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*). We agree and as such find the defendant was not entitled to a hearing on this issue.

In conclusion, we find the defendant's allegations did not sustain his burden so as to require an evidentiary hearing. His allegations were either mere conclusions not supported by the record or affidavits, or were allegations regarding matters that did not raise a constitutional issue.

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER, P.J., and BARRY, J., concur.