THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. LESTER COKLEY, Petitioner-Appellant.

Third District    No. 3—90—0515

Opinion filed September 24, 1991.

Daniel Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The petitioner, Lester Cokley, appeals the denial of his petition for post-conviction relief. We affirm.

The record shows that in 1987 the petitioner was charged with robbery, aggravated battery, and resisting a peace officer (Ill. Rev. Stat. 1989, ch. 38, pars. 18—1, 12—4, 31—1). The record does not contain a transcript of the jury selection process. Following a trial, the jury convicted the petitioner as charged. The trial court subsequently sentenced him to two concurrent 12-year terms for the robbery and aggravated battery convictions. The court did not impose a sentence for the remaining conviction.

On appeal, this court affirmed the convictions but reduced the aggravated battery sentence to five years. The petitioner later filed a post-conviction petition, which stated in relevant part as follows:

"In the instant-cause [sic] Petitioner was deprived of a fair trial by a jury of his peers as provided in the U.S. Constitution, when the State only supplied the court with an ALL WHITE JURY, when Petitioner and allgeded [sic] victim both are Afro-Americans (Black), Petitioner relies sowhat [sic] on the ruling of *Batson v. Kentucky*, in Batson the U.S. Supreme Court held that the State cannot use its Pre-emptory [sic] Challenges to— [sic] Systematically Exclude Blacks from the jury, in the instant case there was [sic] NO BLACKS in the entire JURY PANEL for petitioner to pick from. Thusly, this conduct of the State impinged on Petitioner's 'Due Process Rights' made applicable by the 14th Admendment [sic] of the United States Constitution."

The circuit court appointed counsel to represent the petitioner. On October 31, 1989, the petitioner filed a motion for substitution of judge and appointment of new counsel. The motion alleged that relief should be granted because the trial court had suggested to counsel that the petitioner should consider voluntarily dismissing his petition.

On November 14, 1989, counsel filed a document entitled "Motion to Withdraw and 651 Certificate." In the document, counsel stated that he had reviewed the petition and record, spoken with the petitioner, and consulted with the petitioner's appellate attorney. He concluded that the petition could not be amended to allege a substantial denial of the petitioner's constitutional rights. Accordingly, he requested that he be allowed to withdraw from the case. Appended to the motion was a fee petition indicating that he had worked 14.2 hours on the case.

At a hearing on November 14, 1989, counsel reiterated his belief that he could not amend the petition to allege a constitutional issue. After the petitioner indicated that he had no objection to counsel's withdrawal, the circuit court allowed counsel to withdraw from the case. The petitioner then stated he was unable to retain counsel and would proceed *pro se*. The circuit court granted the State time to file a response to the petition and set the next hearing for January 23, 1990.

There is no transcript of the January 23 hearing. The common law record indicates, however, that on that date the petitioner filed a "Motion to Proceed In *Forma Pauperis* and Request for Free Transcripts." It also indicates that the circuit judge removed himself from the cause. Later that day, the chief judge transferred the cause to a different judge.

On May 11, 1990, the petitioner filed an amended petition for post-conviction relief. At a hearing held on June 22, 1990, the petitioner stated that he lacked adequate legal counsel. The prosecutor then informed the court that at the January 23 hearing the petitioner had requested counsel, the State had objected, and the court had denied the request. The judge stated that since his predecessor had appointed counsel, the petitioner was not entitled to new counsel. After the petitioner stated that he had no evidence to present, the court granted the State's motion to dismiss the petition. The petitioner appeals this dismissal.

The petitioner initially argues that his counsel was ineffective. He contends that instead of withdrawing, his counsel should have amended the petition to better state the claim that the petitioner had not received a proper jury or venire. He further argues that under these circumstances, the court erred in allowing counsel to withdraw. He asks this court to reverse that order and remand for further proceedings.

■ For the petitioner to prevail on a post-conviction petition, he must establish a substantial denial of his constitutional rights. (Ill. Rev. Stat. 1989, ch. 38, par. 122—1; *People v. Ward* (1971), 48 Ill. 2d 117, 268 N.E.2d 692.) Although the petitioner alleged that he had an all-white jury and venire, that fact does not establish a constitutional violation. Instead, the petitioner must show that the State systematically excluded a particular racial group from either the jury or the venire. (*People v. Powell* (1973), 53 Ill. 2d 465, 292 N.E.2d 409.) Although we acknowledge that the jury selection was not transcribed, it must be noted that there is no support in the record for the claim

that the State excluded a particular racial group. We cannot reverse this cause solely for speculative reasons.

■ Furthermore, it appears that counsel thoroughly investigated the petitioner's claims. In the 14.2 hours he spent on the case, he reviewed the petition and record, spoke with the petitioner, and consulted his appellate attorney. After concluding that he could render the petitioner no further assistance, he filed a certificate in compliance with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)). Since we see no fault with counsel's performance, we find that he was properly allowed to withdraw from the case.

■ The petitioner next argues that the trial court's failure to appoint new counsel for him after he filed an amended petition violated the Post-Conviction Hearing Act (the Act) (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*).

We disagree. The Act provides that if an indigent petitioner requests counsel, the trial court may appoint counsel for him if the petition is not dismissed within 30 days as frivolous. (Ill. Rev. Stat. 1989, ch. 38, pars. 122—2.1, 122—4.) The Act does not state whether the court must appoint new counsel on an amended petition after his previous counsel has withdrawn pursuant to Rule 651(c). We find that in this instance the amended petition should be viewed as a continuation of the first petition. (See, *e.g., People v. Wallace* (1990), 201 Ill. App. 3d 943, 559 N.E.2d 539 (holding that for purposes of dismissal under section 122—2.1, an amended petition is considered a continuation of the first petition).) Here, the court-appointed counsel on the first petition withdrew from the case. Since there is no provision for the appointment of additional counsel on a post-conviction petition, we find no error.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER, P.J., and BARRY, J., concur.