22 June 2000

NO. 5-98-0250

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellee, )  Madison County.

) 

v. )  No. 75-CF-46

)

LARRY WHITFORD, )  Honorable 

           )  Charles V. Romani, Jr.,

     Defendant-Appellant. )  Judge, presiding. 

________________________________________________________________________

JUSTICE HOPKINS delivered the opinion of the court:

Larry Whitford (defendant) appeals from the trial court's summary dismissal of his postconviction petition pursuant to section 122-2.1(a)(2) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-2.1(a)(2) (West 1998)).  Within the initial-review period, the trial court dismissed the petition as untimely without making any determination as to the merit of the petition.  On appeal, defendant argues that the trial court improperly dismissed his petition as untimely and that he is entitled to an evidentiary hearing because he alleged the gist of a meritorious claim of a constitutional violation.  The pivotal issue in this case is whether a postconviction petition that states the gist of a meritorious claim should be summarily dismissed by the trial court during the initial-review stage, solely on the basis of the petition's untimeliness.  We hold that it should not, and we reverse the trial court's summary dismissal.

FACTS

On June 16, 1975, defendant pled guilty to one count of murder in exchange for the State's agreement to dismiss a second count of murder and to recommend a sentence of 40 to 90 years' imprisonment.  On July 24, 1975, after a hearing on mitigation and aggravation, defendant was sentenced to 30 to 100 years' imprisonment.  Defendant and his attorneys were admonished according to Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)).  

On August 18, 1975, defendant's trial attorneys attempted to file a notice of appeal. On August 21, 1975, the Madison County Circuit Clerk mailed a letter to defendant at Menard Correctional Center.  The letter from the clerk informed defendant that his notice of appeal was insufficient and that he would have to file a motion to withdraw his guilty plea, "pursuant to Supreme Court Rule 605, which went into effect July 1, 1975."   

Also in the record is a letter, dated August 21, 1975, but not file-stamped, from defendant's attorneys to Honorable John Gitchoff, the judge who presided over defendant's guilty plea and sentencing hearings.  The letter to Judge Gitchoff stated in pertinent part as follows: 

"It is my position and the position of my co-counsel, Paul Riley, that we need not move to withdraw our client's plea of guilty entered in the above-referenced cause in order to appeal the sentence imposed by you upon out [
sic
] client.  We construe Supreme Court Rule 604(d) as requiring a Motion in the trial court following a plea of guilty only where the Defendant wishes to withdraw his plea of guilty and to attack the plea's validity; we do not construe said rule as requiring a Motion be filed in the trial Court where a Defendant desires to appeal only the sentence imposed following the plea of guilty.  We, therefore, ask that our previously filed Notice of Appeal from the sentence imposed by you be placed on file with the Court and that you direct the Clerk of the Court to take the same action upon the Notice of Appeal which he would have taken prior to the Supreme Court's enactment of their Rule 604(d)."

The next entry of record is the following docket sheet notation:  "Counsel granted another 10 day extension to state facts for withdraw[al] of guilty plea."  There is no explanation of this notation in the record; it is not clear if the parties appeared before the court or if the trial judge simply made the notation without any sort of hearing.  There is no corresponding notice or indication that defendant or his attorneys were mailed a copy of this docket sheet entry or otherwise advised of its content.  Defendant's attorneys did not file a motion to withdraw defendant's guilty plea and did nothing else to perfect defendant's appeal.  Hence, defendant's case was never the subject of a direct appeal to this court.

Between September 22, 1975, and May 28, 1976, defendant filed three 
pro se
 petitions requesting copies of the reports of proceedings in his case.  Each petition was file-

stamped, but none were noted on the docket sheets of defendant's court file.  The court did not take any action on the first two petitions, but it denied the third petition without stating a reason for the denial.

Defendant filed petitions for writs of 
mandamus
 on April 22, 1977, and December 16, 1977.  Via each of these documents, defendant requested the trial court to order the Madison County Circuit Clerk to prepare and deliver to defendant copies of the transcripts and common law record of his case.  In the first petition for writ of 
mandamus
, defendant alleged that he needed the records to "perfect his redress before the higher reviewing courts, and to seek other statutory relief, because his constitutional rights [were substantially violated]."  The trial court did not take any action on this petition.

In the second petition for writ of 
mandamus
, defendant again stated that he needed the records because his constitutional rights were substantially violated.  Defendant also alleged that his failure to file a timely notice of appeal and his failure to file a timely motion to withdraw his guilty plea were not due to his culpable negligence but were caused by the failures of his attorneys and the trial court.  The trial court took no action on defendant's second petition for writ of 
mandamus
.

On May 3, 1978, defendant filed his fourth petition seeking a report of proceedings.  On the same date, the trial court finally ordered that defendant receive a copy of the transcripts in this case.  On July 10, 1978, a letter from defendant was filed.  The letter is addressed to the Madison County Circuit Clerk and states that over 60 days had passed since the court ordered that defendant receive his transcripts but that defendant had not yet received them.  On July 16, 1978, the record of the proceedings was filed.

Between July 1978 and October 1997, a period of over 19 years, defendant took no action and filed nothing in the trial court.  

On October 15, 1997, defendant filed a 
pro se
 postconviction petition.  The petition is 21 pages long and includes numerous attachments.  In the petition, defendant alleges several constitutional violations.  The State filed a motion to dismiss the postconviction petition as untimely filed.  The date on which the motion to dismiss was filed is not clear because the file stamp is too faint to read and the motion is not listed on any of the docket sheets in our record.  On October 27, 1997, the trial court entered an order that summarily dismissed the postconviction petition without an evidentiary hearing.  The trial court did not make a finding as to the merit of the petition but found only that it was filed too late and that it did not show that the "extreme delay in filing was not due to [defendant's] culpable negligence."  

Defendant filed a timely appeal from the dismissal order.

ANALYSIS

1. 
Timeliness

Defendant argues that the trial court improperly dismissed his postconviction petition as untimely.  The State counters that the trial court properly determined that defendant was culpably negligent and that the court properly dismissed the petition on that basis.  After the parties filed their briefs with this court, but before oral argument, the Illinois Supreme Court filed an opinion, 
People v. Wright
, 189 Ill. 2d 1 (1999), that speaks to this issue.

In 
Wright
, the court determined that "the time limit found in section 122-1 is a statute of limitations" and that a defendant's failure to timely file a postconviction petition does not deprive the trial court of jurisdiction to consider the petition.  
Wright
, 189 Ill. 2d at 10; 725 ILCS 5/122-1 (West 1998).  Since the time limit of section 122-1 of the Act is not jurisdictional, the court reasoned that the State can waive the timeliness issue if it fails to raise it in the trial court.  

The court explained its decision:

"Here, although the facts support the conclusion that defendant did not file his petition within the time limits found in section 122-1, that section allows a defendant to file a petition outside the limitations period if the late filing is not due to the defendant's culpable negligence.  [Citation.]  By not raising this issue until the cause was on appeal, the State has effectively precluded defendant from seeking to amend his petition to allege facts demonstrating that the late filing was not caused by his culpable negligence.  ***

In reaching this conclusion, we caution that we are not limiting the trial court's ability, during the court's initial review of noncapital petitions (see 725 ILCS 5/122-

2.1(a)(2) (West 1998)), to dismiss the petition as untimely.  The import of our decision is simply that matters relating to the timeliness of a defendant's petition should first be considered in the trial court, either upon a motion by the State or pursuant to the duty imposed upon the trial court by section 122-2.1(a)(2).

***

In sum, while we believe that a defendant should plead facts demonstrating his lack of culpable negligence, we see no reason that this statute of limitations should  be treated differently from any other.  Thus, if the State wishes to challenge the timeliness of a defendant's petition, it should raise that argument first in the trial court, where any amendments can be made and factual disputes resolved."  See 
Wright
, 189 Ill. 2d at 11.  

At the oral argument of the case 
sub judice
, the State argued that although the time limitation of section 122-1 is not jurisdictional, defendant nevertheless has the burden to show in his petition why he should be allowed to file his petition late.  In other words, the State argues that the trial court had the authority to dismiss the petition in the initial, summary-review stage, without an evidentiary hearing, solely on the ground the petition was untimely filed and that defendant did not plead facts to show why he was not culpably negligent in filing late.  

Since the oral argument of this cause, this court has examined this issue in three separate cases.  See 
People v. Hill
, No. 5-97-1082 (May 2, 2000); 
People v. Johnson
, 312 Ill. App. 3d 532 (2000); 
People v. McCain
, 312 Ill. App. 3d 529 (2000).  In each of the above-

cited cases, this court held that the trial court went beyond its authority when it dismissed untimely postconviction petitions in the initial, summary-review stage solely due to untimely filing, without a determination that the petitions were frivolous or patently without merit.  See 
Hill
, slip op. at 2; 
Johnson
, 312 Ill. App. 3d at 533; 
McCain
, 312 Ill. App. 3d at 531.

Thus, three cases from this district contradict the State's argument that the trial court  properly dismissed defendant's petition as untimely without considering its merit.  The rationale for this rule is expressed similarly in each of the three cases. 

In 
McCain
, we reasoned that during the summary-review stage, the trial court is required to make an independent assessment of the merits of the petition, without engaging in any fact-finding, and the State has no opportunity to raise any arguments against the petition.  
McCain
, 312 Ill. App. 3d at 530.  If the trial court dismisses the postconviction petition as untimely without finding that it is frivolous or patently without merit, the court exceeds its "very limited" role of determining if the petition states the gist of a meritorious claim of a constitutional deprivation, and the court assumes "the adversarial role of the prosecutor."  
McCain
, 312 Ill. App. 3d at 531.    

In 
Johnson
, we again emphasized the fallacy of the trial court usurping the State's function of raising the issue of the seasonableness of the claim.  
Johnson
, 312 Ill. App. 3d at 534.  "The question of the petition's untimeliness should await a responsive pleading from the State."  
Johnson
, 312 Ill. App. 3d at 533.  We determined that if the petition makes a viable claim of a constitutional deprivation or alleges compelling facts to demonstrate the defendant's actual innocence, the State could then choose to waive the timeliness issue in the interests of justice, but only if the court had not already dismissed the petition on that ground.  See 
Johnson
, 312 Ill. App. 3d at 534-35. 

In 
Hill
, we again focused on the State's lack of opportunity to respond to the postconviction petition in the initial, summary-review stage, and we cited 
People v. Gaultney
, 174 Ill. 2d 410, 418 (1996).  
Hill
, slip op. at 2.  We also noted that the trial court is "foreclosed from engaging in any fact-finding or any review of matters beyond the allegations of the petition," and we cited 
People v. Coleman
, 183 Ill. 2d 366 (1998).  
Hill
, slip op. at 2.  Relying upon our earlier decision in 
McCain
, we found that "[t]he determination of whether a petitioner is culpably negligent in filing a late postconviction petition is a factual finding," which is prohibited during the initial, summary-review stage.  
Hill
, slip op. at 2.  

In all three cases, we found that the trial court erred in dismissing the defendants' postconviction petitions in the initial, summary-review stage without finding that the petitions were frivolous or patently without merit.  In 
Hill
, we ultimately affirmed the dismissal, however, based upon our finding that the petition was frivolous and patently without merit.  
Hill
, slip op. at 2.  In 
McCain 
and 
Johnson
, we reversed the trial court's dismissal and remanded the cases for further consideration in accordance with the Act, because in each of those cases the defendant stated the gist of a meritorious claim of a constitutional deprivation.  
McCain
, 312 Ill. App. 3d at 531; 
Johnson
, 312 Ill. App. 3d at 532, 535.

In this case, we further refine the rules set forth in 
McCain
, 
Johnson
, and 
Hill
 in light of the supreme court's 
dicta
 in 
Wright
 that the trial court is not prohibited from dismissing an untimely postconviction petition during the initial, summary-review stage.  
Wright
, 189 Ill. 2d at 11.  We find that the portion of the decision in 
Wright
 wherein the court states that the trial court should be allowed to dismiss a postconviction petition as untimely within the initial, summary-review stage is 
dicta
, and hence not controlling, for at least four reasons.

First, the court refers specifically to the initial, summary-review stage and also to the State's responsibility to file a motion to dismiss the petition as untimely.  If the State files a motion to dismiss within the initial, summary-review stage, the motion is "premature and improper under the Act."  
Gaultney
, 174 Ill. 2d at 419.  In 
Gaultney
, the court cited 
People v. Oury
, 259 Ill. App. 3d 663 (1994), in support of the proposition that the State is not allowed to file a motion to dismiss the postconviction petition during the initial, summary-

review stage.  
Gaultney
, 174 Ill. 2d at 419.

In 
Oury
, the court described the initial review of a postconviction petition as follows:

"[T]he trial court is not to decide the petition on the merits; instead, without input from the State or further pleadings from the defendant, the court simply determines if the petition on its face is frivolous or patently without merit.  [Citation.]  ***

***

The initial review of the petition must be made alone by the court 
inops cosilii
, that is, without input from the State or further pleadings from the petitioner. [Citations.]  The court's examination of the petition and the entry of an appropriate order within the initial period are mandatory, and a trial court's noncompliance with the statute will render a dismissal void.  [Citation.]"  
Oury
, 259 Ill. App. 3d at 667-68.

In 
Oury
, the court went on to find that during the initial, summary-review stage, the trial court has two options:  (1) it can dismiss the petition as frivolous and patently without merit, making the order final and appealable, or (2) it can order it docketed for further consideration as provided by other sections of the Act.  
Oury
, 259 Ill. App. 3d at 668-69. 

Therefore, the supreme court's statement that the trial court is not prohibited from dismissing a petition during the initial-review stage is not supported by its previous decision, 
Gaultney
, or by 
Oury
, the case upon which 
Gaultney
 relies.

A second reason that we consider that portion of the decision to be 
dicta
 is that it is inconsistent with the rest of the reasoning in 
Wright
.  In 
Wright
, the court clearly expresses the rationale that if the State is allowed to wait to raise the timeliness issue until the appellate court reviews the case, then the defendant's right to request leave to amend the petition to state facts to show his lack of culpable negligence would be foreclosed.  
Wright
, 189 Ill. 2d at 12.  By the same token, a defendant's right to request leave to amend to show lack of culpable negligence is also restricted if the trial court dismisses the petition in the initial, summary-review stage, since neither the defendant nor the State can file any further pleadings during this stage, and as soon as the summary-dismissal order is filed, it is final and appealable.  See 
Oury
, 259 Ill. App. 3d at 668-69.  

Since the issue of culpable negligence is an issue of fact (see 
McCain
, 312 Ill. App. 3d at 531), if the trial court summarily dismisses the petition based solely upon its untimeliness, then there is no opportunity for the defendant to show that he lacked culpable negligence.  If the petition is meritless, the dismissal is, of course, proper on that basis, and the trial court's decision should ultimately be affirmed by the court of review.  See 
Hill
, slip op. at 2.  However, if the petition makes a viable claim of a constitutional deprivation or actual innocence, then a summary trial court dismissal due to untimeliness at a time when the defendant cannot attempt to correct his mistake is unjust and unreasonable.  See 
Johnson
, 312 Ill. App. 3d at 533; 
McCain
, 312 Ill. App. 3d at 531. 

The apparent inconsistency between the dicta of 
Wright
 referring to summary dismissal due to untimeliness and the latter portion of 
Wright
 is further highlighted wherein the court stated, "[W]e see no reason that this statute of limitations should be treated differently from any other."  
Wright
, 189 Ill. 2d at 12.  However, allowing the trial court to 
sua sponte
 raise and decide the issue of compliance with a statute of limitations, without any input from either party, and without any method by which to reconsider that decision in the trial court, makes the limitation provision of the Act an anomaly.  No other statute of limitations is construed this way, and trial courts are not allowed to decide any other statute- of-limitations issue 
sua sponte
 without any input from either party.  See 
Wright
, 189 Ill. 2d at 11 (the limitations period of the Act is an affirmative defense that the State must raise in the trial court or the issue will be deemed waived on appeal); 
Wright
, 189 Ill. 2d at 32 (Freeman, C.J., specially concurring) ("Under today's opinion, it appears that the court in these situations cannot, 
sua sponte
, raise the matter [of the petition's timeliness]").

Finally, the language in 
Wright
 that refers to summarily dismissing postconviction petitions due to untimeliness is contrary to the statutory scheme.  The summary-dismissal statute, section 122-2.1(a)(2) of the Act, instructs the trial court, within the first 90 days after the petition is filed, to examine the petition and determine if it is frivolous or patently without merit and, if so, to dismiss the petition.  A separate section of the Act, section 122-1(c), instructs the imprisoned defendant on the time periods within which he may file a postconviction petition and alerts that defendant that he will not be allowed to file outside those time periods unless he alleges "facts showing that the delay was not due to his *** culpable negligence."  725 ILCS 5/122-1(c) (West 1998).  If the legislature intended for the summary-dismissal period to include a timeliness determination, the legislature would have written the two sections together.  Since the two sections are separate and refer to different responsibilities of different entities, it is not reasonable to combine them to give trial courts the authority to 
sua sponte
 determine a factual issue from which the defendant cannot ask for trial court reconsideration.

We see a compelling rationale for separating the two provisions and not combining them within the same statutory provision:  the timeliness of a postconviction petition, if not a jurisdictional requirement, does not rise to the same level of significance as does the question of whether an imprisoned defendant has been denied his constitutional rights or is  innocent.  If a court has jurisdiction to consider an untimely postconviction petition, then the focus of the court, within the initial, summary-review stage, must remain singularly and faithfully upon whether the petition's allegations, liberally construed and taken as true, "sufficiently demonstrate a constitutional infirmity" that requires relief under the Act.  
Coleman
, 183 Ill. 2d at 380-81. 

Therefore, we continue to adhere to the reasoning set forth in our recent cases of 
McCain
, 
Johnson
, and 
Hill
 and find that the trial court in the case at bar erred by summarily dismissing defendant's postconviction petition solely because it was filed late.  We next conduct a plenary review of the petition, its supporting documents, and the trial court record to determine if the petition states the gist of a meritorious claim of a constitutional deprivation.  See 
Coleman
, 183 Ill. 2d at 388.  

2. Merits of the postconviction petition

a. Standard of review

In 
Coleman
, the supreme court explained this standard of review as follows:

"Due to the elimination of all factual issues at the dismissal stage of a post-conviction proceeding, the question is, essentially, a legal one, which requires the reviewing court to make its own independent assessment of the allegations.  Thus, a court of review should be free to substitute its own judgment for that of the circuit court in order to formulate the legally correct answer.  ***  A court of review has the same capability as does the circuit court in the first instance to look to the allegations and construe them liberally in favor of the petitioner and as set forth in light of the trial record."  
Coleman
, 183 Ill. 2d at 388.

To survive dismissal at this stage, a petition need only present the gist of a constitutional claim.  See 
People v. Porter
, 122 Ill. 2d 64, 74 (1988).  This is a low threshold; a defendant need only present a modest amount of detail and need not make legal arguments or cite to legal authority.  See 
Gaultney
, 174 Ill. 2d at 418; 
Porter
, 122 Ill. 2d at 74.  The petition must be supported by "affidavits, records, or other evidence supporting its allegations" or the petition "shall state why the same are not attached."  725 ILCS 5/122-2 (West 1998).  If the circuit court does not dismiss the petition pursuant to section 122-2.1, it is then docketed for further consideration and, if the defendant is indigent, the court is required to appoint counsel.  See 
Gaultney
, 174 Ill. 2d at 418.

Thus, our review is essentially the same as that required of the trial court.  We are to review the allegations of the postconviction petition, construing them liberally, focusing on whether the petition states the gist of a meritorious claim of constitutional deprivation.  A postconviction petitioner is not entitled to an evidentiary hearing as a matter of right, but the supreme court has repeatedly stressed that a hearing is required whenever the petitioner makes a substantial showing of a violation of constitutional rights.  See 
Coleman
, 183 Ill. 2d at 381.  "To accomplish this, the allegations in the petition must be supported by the record in the case or by its accompanying affidavits."  
Coleman
, 183 Ill. 2d at 381.  When assessing the sufficiency of the allegations, the trial court and the court of review are to consider the petition in light of the entire record.  See 
People v. Vunetich
, 185 Ill. App. 3d 415, 419 (1989).

b. Review of defendant's postconviction petition

In his postconviction petition, defendant describes his efforts after he pled guilty: 

"I sought to utilize the Constitutional Rights that the Illinois Statutes, Illinois Constitution[,] and the U.S. Constitution afforded every individual who was confined in a penal institution.  These rights consist of 'Right to Appeal,' 'Right to 2-1401 Relief from Judgement,' Right to File a Motion to Withdraw a Guilty Plea,' 'Right to File a Motion for Reduction of Sentence,' and[] 'Right To File a Post-Conviction Petition.'"

Defendant further alleged that he was never afforded these rights, that the attorneys who represented him immediately after his conviction withdrew his notice of appeal and never filed a motion to withdraw his guilty plea, that the trial court never informed him about these matters, and that he did not realize "that this had happened until 22 years later."  Specifically, defendant alleged that he was "held in limbow [
sic
] by the trial court and the Ineffective Assistance of Counsel about his rights to appeal and other constitutional violations."

In 
People v. Wilk
, 124 Ill. 2d 93 (1988), the supreme court examined a factual situation such as that alleged in defendant's postconviction petition.  In 
Wilk
, several cases were consolidated; in each case, the defendant entered a guilty plea, did not file a motion to withdraw that guilty plea, and then filed a notice of appeal.  Each case was dismissed on appeal for failure to file the requisite motion to withdraw the guilty plea prior to appeal, under Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)).  The court defined the "central issue" of the consolidated cases as "what should be the effect of counsel's failure to comply with Rule 604(d)."  
Wilk
, 124 Ill. 2d at 102.

Most pertinent to the case at bar is the following passage:

"***  [A]n attorney who stands with his client in a criminal proceeding, hears the admonishments of the court required by Rule 605(b), and fails to adhere to Rule 604(d) by moving to withdraw the plea prior to filing a notice of appeal has fallen short of providing competent representation.  ***  Such assistance of counsel, coupled with the denial of appellate review, raises effective assistance of counsel constitutional questions.  Furthermore, many of the grounds for withdrawal of guilty pleas, consideration of which is denied because of counsel's failure, themselves may raise constitutional questions.

***

The appropriate remedy for these defendants lies in [the Act] [citation]. Although the *** Act is not an alternative means for reviewing nonconstitutional  issues [citation], a hearing on a petition under the Act is warranted if the petition makes a substantial showing that the petitioner's constitutional rights have been violated [citation].  The sixth amendment right to counsel encompasses the right to effective assistance of counsel.  [Citation.]  The determination of whether or not defendant has received effective assistance of counsel may involve consideration of whether counsel for the defendant has adequately presented certain nonconstitutional issues."  
Wilk
, 124 Ill. 2d at 105-07.

The court further determined that under facts such as in the instant case, 
i.e.
, where defendant's attorney failed to file the required motion to withdraw guilty plea, the 
pro se
 defendant need only allege in his postconviction petition a violation of his sixth amendment (U.S. Const., amend. VI) right to the effective assistance of counsel, due to the attorney's failure to preserve appeal rights, and allege whatever grounds he would have had to withdraw his guilty plea had a proper motion to withdraw been filed.  See 
Wilk
, 124 Ill. 2d at 107-08.

In the case at bar, the facts are even more compelling than in 
Wilk
 for finding that defendant made a sufficient showing of a constitutional deprivation, because in this case defendant alleged not only that his attorney failed to file a motion to withdraw the guilty plea, but also that his attorneys failed to perfect his appeal.  Moreover, these deficiencies are fully corroborated by the record.  Defendant also alleged numerous grounds upon which his guilty plea should have been withdrawn.  We do not comment on those grounds, however, since they are more properly the subject of a circuit court evidentiary hearing.  

Thus, after reviewing the record and the postconviction petition, we hold that defendant has sufficiently stated the gist of a meritorious claim of constitutional magnitude; defendant is entitled to the appointment of counsel, who will be obligated to review the record and file any amendments to the postconviction petition that he or she deems necessary to adequately state defendant's postconviction claims.  The State has the right to file any motion to dismiss, and the cause would be then set before the trial court for a second-stage hearing.

CONCLUSION

For the reasons stated, we reverse the trial court's order dismissing defendant's postconviction petition as untimely, we find defendant's petition states the gist of a meritorious claim to entitle defendant to the appointment of postconviction counsel and an evidentiary hearing, and we remand for further proceedings in compliance with the Act and in accordance with this opinion.

Reversed and remanded.

WELCH and CHAPMAN, JJ., concur.