No. 3-99-0565

______________________________________________________________________________

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D. 2001

PEOPLE OF THE STATE OF ILLINOIS ) Appeal from the Circuit Court

) of the 12
th
 Judicial Circuit,

Plaintiff-Appellee, ) Will County, Illinois

)

vs. ) 94-CF-5732

)

DAMON McKENZIE, ) Honorable Rodney Lechwar

) Presiding Judge

Defendant-Appellant ) 

______________________________________________________________________________

JUSTICE McDADE delivered the opinion of the court:

______________________________________________________________________________

Defendant, Damon McKenzie, appeals from the dismissal of his post-conviction petition at the second stage of the statutory procedures established at 725 ILCS 5/122-1 (West 1998).  We reverse, specifically overruling this court's 1987 decision in 
People v. Robinson 
and its progeny.

FACTS

Damon McKenzie was indicted in Will County for the murder of Peter Luckett on October 24, 1994.  He entered a negotiated plea of guilty to first degree murder and was sentenced on January 17, 1995, to 30 years' imprisonment.

Two years later, defendant filed a 
pro se
 post-conviction petition pursuant to the Post Conviction Hearing Act (725 ILCS 5/122-1 (West 1998)), alleging that his attorney had not advised him of an available defense which could have reduced his crime to second degree murder.  He asserted that his guilty plea on first degree murder was, therefore, involuntary and should be vacated.

After review of defendant's petition, the trial court found that it presented a "possible justiciable issue" and appointed counsel on May 9, 1997, to represent defendant in the post-conviction proceedings.  The appointed attorney filed an appearance on June 25, 1997, indicating that he had reviewed the petition and consulted with his client and seeking a continuance to prepare an amended petition.  Additional continuances were secured by or on behalf of defendant's appointed counsel on July 16, 1997, August 6, 1997, October 1, 1997, October 22, 1997, and November 24, 1997.  On January 12, 1998, counsel advised the court that he believed defendant's petition was frivolous and was granted leave to file a motion so indicating.

On March 18, 1998, counsel moved to withdraw, asserting there was no meritorious basis for the relief sought by defendant.  Defendant did not object to the withdrawal.  The motion was granted and defendant was given time to amend his petition 
pro se
.

Apparently feeling that supplementation of the petition was beyond him, defendant moved for appointment of new counsel or, alternatively, to have the prior motion to withdraw stricken.  Noting that it had already allowed withdrawal, without objection by defendant, the court denied the motion.

Eleven months later, on March 8, 1999, defendant filed an amended 
pro se 
petition arguing the viability of self defense in his case and asserting once again that his trial counsel had been ineffective.  He reiterated his entitlement to a trial in which second degree murder was presented for the jury's consideration.

The State moved to dismiss defendant's petition and the motion was set for a hearing on July 19, 1999.  Following argument by defendant and the prosecutor, the court noted that defendant had no documentary support for his claim of ineffective assistance beyond his own affidavit.  The judge then reviewed the facts included in defendant's proffer at the time of his guilty plea in 1995, and concluded that he was unable to find any evidence in the record to show that advice from his trial attorney concerning self defense would have had any effect.  The court, observing that "very competent" appointed counsel had found no merit in the petition and had withdrawn, granted the state's motion to dismiss defendant's post-conviction petition.

Defendant filed a timely appeal of this dismissal.

ANALYSIS

Defendant did not take a direct appeal from his conviction in 1995 and was compelled to seek relief from the conviction and sentence, if at all, through the statutory procedures of the Post Conviction Hearing Act (725 ILCS 5/122.1, 
et seq.
) (the "act").  The act creates for him a right to reasonable assistance of counsel in post conviction proceedings.  At issue in this case is when that right accrues and whether, having accrued, it can be withdrawn during the course of the proceedings.

This appeal presents an issue of statutory construction which is a question of law.  Consequently, we review the issue 
de novo
. 
Department of Public Aid v. Brewer,
 183 Ill. 2d 540, 544, 234  N.E.2d 223, 227 (1998).

We begin with an acknowledgment that this court has considered this issue on three previous occasions and that the procedures followed by the Will County Circuit Court were vindicated in those earlier decisions.  For reasons which will become apparent, we fully reconsider the issue at this time.

The act creates a three-step process for seeking post-conviction relief.  The first stage is completed when the trial court determines that the defendant's 
pro se 
petition is not frivolous but, rather, states the essence of a potentially meritorious constitutional claim.
  People v. Lara
, 317 Ill. App. 3d 905, 741 N.E.2d 679 (2000).  In the present case, the trial court found "a possible justiciable issue" in McKenzie's petition, thereby satisfying step one.  At that point, defendant's statutory right to counsel attached.  
People v. Patton, 
315 Ill. App. 3d 968, 735 N.E.2d 185 (2000).

Step two begins with the mandatory appointment of counsel by the court if defendant makes the request and if it appears to the court's satisfaction that defendant lacks means to hire an attorney.  
Lara
, 317 Ill. App. 3d at 06, 741 N.E.2d at 681.  It is the duty of appointed counsel to consult with defendant about his constitutional claim, examine the record, and amend the 
pro se 
petition as necessary to present a reasonable articulation of those claims to the court.
  People v. Whitford
, 314 Ill. App. 3d 335, 732 N.E.2d 649 (2000).  The state may answer or seek dismissal of the petition and defense counsel replies to those arguments.  
Whitford
, 314 Ill. App. 3d at 346, 732 N.E.2d at 659.  Nothing in the plain language of the statute permits the attorney, once appointed, to seek withdrawal or authorizes the court to grant such a request.

Nonetheless, the trial court did allow defendant's appointed attorney to withdraw.  Defendant, without statutory authority, was deprived of counsel and compelled to amend his 
pro se 
petition without reasonable assistance from a trained professional.  Indeed, the attorney affirmatively undermined defendant's claims and provided the court with some justification for dismissing his client's petition.  Defendant's unaided ineptitude resulted in a flawed presentation of any viable argument he may have had.  Moreover, the withdrawal of his attorney,
 asserting that there was no meritorious basis for defendant's petition, seriously prejudiced the post-conviction process as it was constructed by the legislature.

If the motion to dismiss had been denied, defendant also would not have had reasonable assistance in preparing for and participating in the evidentiary hearing which is the core of stage three of the statutory process.  He would not have had help, as contemplated in the statute, in preparing or securing documents, presenting or cross-examining witnesses, or making objections and submitting evidence.  

Defendant has argued, persuasively we believe, that by allowing his appointed counsel to withdraw, the trial court has effectively recast a statute that nowhere authorizes such withdrawal.   Because the Post-Conviction Hearing Act has created procedures and remedies not provided for by the common law, it must be strictly construed in such a way that they are neither restricted nor enlarged beyond what the legislature fashioned.   Recently, in the case of 
People v. Rivera
, 315 Ill. App. 3d 454, 734 N.E.2d 26 (2000), this court considered whether there was any provision in the Post Conviction Hearing Act which permitted a trial court to dismiss part but not all of defendant's petition.  In the absence of any language authorizing a partial dismissal, we held that the court must examine and evaluate the petition as a whole and, if it states the gist of a meritorious claim, the petition must proceed to the second stage as a whole.

It appears from our review of the act that the legislature intended to create procedures to give a convicted defendant a last-ditch opportunity to change the outcome of his criminal case.  It also appears, from the legislators' decision not to provide for withdrawal, that they intended for the defendant to have the assistance of trained counsel throughout the process.  We, therefore, conclude from the absence of authorizing language that withdrawal of appointed counsel is in contravention of the statute and the dismissal of defendant's 
pro se 
petition must be reversed.

The State argues, however, that a trial court's decision to grant a motion to withdraw has been upheld on three separate occasions by this court.  See 
People v. Robinson
, 160 Ill. App. 3d 366, 513 N.E.2d 603 (3
rd
 Dist 1987); and 
People v. Rial
; 214 Ill. App. 3d 420, 573 N.E.2d 842 (3
rd
 Dist 1991), and 
People v. Cokley, 
219 Ill. App. 3d 209, 579 N.E.2d 417 (3
rd
 Dist 1991), 
 
which were decided in reliance on 
Robinson.  

The State's analysis of the current situation with our precedents is correct.  Our present conclusion, which we believe to be the right one, is wholly inconsistent with these earlier decisions of our court.  

We do believe, however, that 
an examination of the cases reveals the flaw in the prior reasoning of both the trial and appellate courts.  In all three cases (
Robinson, Rial, and Cokley
), the panel found that the appointed counsel had complied with Supreme Court Rule 651(c) and had, therefore, provided representation which was sufficient under the statute.  

The Illinois Supreme Court's decision in 
People v Porter
, 122 Ill. 2d 64, 521 N.E.2d 1158 (Ill 1988), cited as additional authority by defendant, is instructive here.  The majority in 
Porter
 found Section 122-2.1 of the Post Conviction Hearing Act to be constitutionally adequate, rejecting defendants' claims that it violates the doctrine of separation of powers and/or denies an indigent defendant due process.

In addressing the separation-of-powers argument, the court found that Supreme Court Rule 651(c) was concerned with the appointment of counsel at the appellate level while Section 122-2.1 provides for such appointment at the trial stage of post-conviction proceedings.  Relying on 
People v. Ward 
(1984), 124 Ill. App. 3d 974, 978, 464 N.E.2d 1144, the court went on to state that "***the appointment of counsel at the hearing stage of the post-conviction proceeding must be considered to be a ***matter of legislative grace and favor which may be altered by the legislature at will." 
Porter, 
521 N.E.2d at 1160-61.

Further, in considering the due process challenge, the 
Porter 
court noted:

"The petitioner does not have to construct legal arguments or cite to legal authority.  Once the petitioner sets out allegations demonstrating a meritorious constitutional claim, he is entitled to have counsel represent him on the petition."

Porter, 
521 N.E.2d at 1161.  Thus in 
Porter
, the supreme court appears to recognize the right of a defendant to have representation of counsel on the terms set out by the legislature in the Post-Conviction Hearing Act, and to acknowledge that satisfaction of the provisions of Supreme Court Rule 651(c) cannot restrict or circumscribe the legislative grant of counsel.

CONCLUSION

For all of the foregoing reasons, we specifically overrule the earlier decisions of this court in 
People v. Robinson
, 160 Ill. App. 3d 366, 513 N.E.2d 603 (3
rd
 Dist 1987); 
People v. Rial
; 214 Ill. App. 3d 420, 573 N.E.2d 842 (3
rd
 Dist 1991), and 
People v. Cokley, 
219 Ill. App. 3d 209, 579 N.E.2d 417 (3
rd
 Dist 1991).  We
 
also reverse the decision of the trial court in the instant case and remand the matter for reinstatement of defendant's post-conviction petition and appointment of new counsel to assist defendant in its prosecution.

Reversed and remanded.

LYTTON and SLATER, JJ., concur.