THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOE McCAIN, Defendant-Appellant.

Fifth District    No. 5—97—0988

Opinion filed March 22, 2000.—Rehearing denied April 18, 2000.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, and John Belz, of Huntley & Giganti, of Springfield, for appellant.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen

E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE MAAG delivered the opinion of the court:

Defendant, Joe McCain, was convicted of two counts of attempted murder and three counts of aggravated assault by a St. Clair County jury in February of 1989. After sentencing, McCain appealed. We affirmed his convictions and sentences. *People v. McCain*, 207 Ill. App. 3d 1123 (1991) (unpublished order under Supreme Court Rule 23 (166 Ill. 2d R. 23)). Defendant's petition for leave to appeal to the Illinois Supreme Court was denied.

On August 11, 1997, defendant filed a petition in St. Clair County seeking relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 1996)). The circuit court dismissed defendant's petition on October 21, 1997, finding that defendant's petition was not timely filed, that the defendant was culpably negligent in not filing it on time, and that nothing in the petition alleged any constitutional violation that was not addressed on direct appeal or otherwise waived.

According to the procedures prescribed in the Post-Conviction Hearing Act, within the first 90 days after a postconviction petition is filed, the trial court is required to review the petition to determine whether it is frivolous or patently without merit. 725 ILCS 5/122—2.1(a)(2) (West 1996). If the court finds the petition to be frivolous and without merit, the court "shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision." 725 ILCS 5/122—2.1(a)(2) (West 1996).

In the summary dismissal stage, the trial court is required to make an independent assessment as to whether the allegations in the petition, when liberally construed and taken as true, set forth a constitutional claim for relief. The court is foreclosed from engaging in any fact-finding or any review of matters beyond the allegations of the petition. *People v. Coleman*, 183 Ill. 2d 366, 701 N.E.2d 1063 (1998). During that stage, the State has no opportunity to raise any arguments against the petition. *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996). Summary dismissal is a process that exists to dispose of petitions that are frivolous in nature and patently without merit. To survive dismissal at this stage, the petition must only present "the gist of a constitutional claim." *Gaultney*, 174 Ill. 2d at 418, 675 N.E.2d at 106.

In the dismissal order, the trial court did not find that the defendant's petition was frivolous and patently without merit. Rather, the trial court found that the petition was untimely and determined that the constitutional issues raised in the petition were either addressed on direct appeal or otherwise waived.

■ In our view, the trial court exceeded this very limited determination and assumed the adversarial role of the prosecutor. Here, the court raised issues of timeliness and *res judicata*, and then went on to make findings of fact and decide those issues. Likewise, the determination of whether a petitioner is or is not culpably negligent in filing a petition late requires the trial court to make factual findings and assess the petitioner's credibility. A court cannot act as an advocate and a judge. At this stage of the proceedings, the court should only determine whether the petition alleges constitutional deprivations, not whether the petitioner will ultimately succeed on those claims. In this case, the review was not limited to whether the issues set forth "the gist of a constitutional claim." Whether the claims will withstand a prosecutor's motion to dismiss is reserved for another day.

In regard to the timeliness issue, we note that the Illinois Supreme Court has ruled that compliance with the time limits in section 122—1 of the Act is not a jurisdictional prerequisite to maintaining a postconviction petition. It is a statute of limitations. *People v. Wright*, 189 Ill. 2d 1, 10 (1999). Thus, a defendant's failure to file his petition within the time limits prescribed in the Act does not deprive the trial court of jurisdiction to consider the petition. *People v. Wright*, 189 Ill. 2d at 10. A petition's untimeliness does not mean that it necessarily lacks merit. If an untimely petition demonstrates that a defendant suffered a deprivation of constitutional magnitude, a dutiful prosecutor may waive the procedural defect.

Based upon the record before us, we find that the court went beyond the limited review contemplated by section 122—2.1(a)(2) of the Act (725 ILCS 5/122—2.1(a)(2) (West 1996)). The court did not find that the petition was frivolous and without merit. In our view, the defendant met the very low threshold of presenting the "gist" of a constitutional claim. Accordingly, we reverse and remand this case back to the trial court with instructions that the trial court docket this petition for consideration in accordance with the Post-Conviction Hearing Act. *People v. Coleman*, 183 Ill. 2d 366, 701 N.E.2d 1063 (1998).

Reversed and remanded with instructions.

HOPKINS and KUEHN, JJ., concur.