THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EARNEST JOHNSON, Defendant-Appellant.

Fifth District    No. 5—98—0348

Opinion filed April 11, 2000.—Rehearing denied April 25, 2000.

Robert Agostinelli and Thomas A. Karalis, both of State Appellate Defender's Office, of Ottawa, for appellant.

Jeffrey Farris, State's Attorney, of Cairo (Norbert J. Goetten, Stephen E. Norris, and James R. Benson, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KUEHN delivered the opinion of the court:

In this case, a prisoner filed a belated postconviction petition claiming that the criminal justice system failed to administer justice. He claimed that newly discovered evidence could establish his actual innocence. The trial judge did not rule upon the potential merits of the actual-innocence claim. He summarily dismissed the claim because the petition was clearly beyond the statutory time limitation within which postconviction petitions are permitted to be filed. See 725 ILCS 5/122—1 (West 1996).

The prisoner appeals from the summary order of dismissal.

In part because so many prisoners seek collateral relief, and in part because most of their petitions fail to meet the narrowly defined criteria upon which relief can be granted, our legislature created a means for the disposal of petitions in summary fashion without the State's involvement or a hearing of any kind. See 725 ILCS 5/122—2.1 (West 1994). Thus, *pro se* postconviction petitions that clearly lack substance are summarily dismissed in high volume. Most petitions deserve an expedited exit; on occasion they do not.

Even if a petition raises a constitutional claim that is sufficient to survive summary dismissal, there is no guarantee to an evidentiary hearing. Among various obstacles to an evidentiary hearing is the seasonableness of the claim.

In recent years, our legislature has significantly reduced the allotted time frame within which prisoners may raise claims of unaddressed constitutional error that led to their imprisonment. See 725 ILCS 5/122—1 (West 1996). The time may now run while the direct appeal process is ongoing. This makes it easy for unrepresented inmates to miss the postconviction filing deadline, and as a result, it has become rather common practice for judges to dismiss petitions in summary fashion because they are filed too late. That is what happened here. The trial judge found, "The statute of limitations has expired in this case, and there are insufficient allegations of fact which would show that the delay was not due to the Defendant's culpable negligence."

The supreme court decided *People v. Wright*, 189 Ill. 2d 1, 723 N.E.2d 230 (1999), after this ruling but before its review on appeal. For the reasons that follow, we reverse and remand for further proceedings.

■ In *Wright*, our supreme court held that because time is not an inherent element of the right to bring a postconviction petition, compliance with the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 1996)) is not a jurisdictional prerequisite. *Wright*, 189 Ill. 2d at 10-11, 723 N.E.2d at 236. Therefore, the court reasoned that the time limitations in the Act should be considered an affirmative defense. *Wright*, 189 Ill. 2d at 11-12, 723 N.E.2d at 236-37. As such, it can be waived if not raised by the State. See *Wright*, 189 Ill. 2d at 12, 723 N.E.2d at 237; *People v. McCain*, 312 Ill. App. 3d 529 (2000); *People v. Arias*, 309 Ill. App. 3d 595, 722 N.E.2d 1160 (1999).

It follows that those who initially review *pro se* petitions to determine whether they are frivolous or patently without merit should refrain from summary dismissal based solely upon a tardy filing date. The question of the petition's untimeliness should await a responsive pleading from the State.

■ Summary dismissal is a process that exists to cull petitions that are frivolous in nature or patently without merit. The process measures a petition's substantive virtue rather than its procedural compliance. A petition's facial untimeliness does not mean that it necessarily lacks substantive merit. Since judges have the power to review the content of untimely filed petitions, they should do so and, if the claim has any merit, bypass dismissal to await an answer from the State. By so doing, the State is afforded the opportunity to review the merits of the petition and to file a responsive pleading.

■ By entering a summary dismissal and not affording the State a review of the petition, a trial judge can place the State in an indefensible position. This case represents a prime example. Here, the State concedes that a person does not deserve to be imprisoned if he is actually innocent. However, the State had no opportunity to review the actual-innocence claim, and the trial judge did not address it. Therefore, in support of the court's summary dismissal order, the State argues that this prisoner must serve his full sentence even if he is innocent. The State urges finality over justice. According to the State, the failure to present evidence of actual innocence in a timely manner should summarily end the inquiry. If justice has been miscarried in this case, the State wants no part of the power to see that justice is done.

Affording the State a review of an untimely filed petition is essential to the singular adversarial role that a prosecutor assumes in the administration of justice. The State's Attorney represents the people of the State of Illinois and therefore, rather uniquely, represents certain interests of those prisoners whom he or she worked to imprison. If an untimely filed petition has obvious substantive merit—that is, if it clearly demonstrates that a prisoner suffered a deprivation of constitutional magnitude—a dutiful prosecutor should waive the procedural defect.

The summary dismissal of prisoner petitions based solely upon the unseasonable nature of those petitions assumes an adversarial role. It invades executive power and usurps the State's prerogative to proceed on the merits of a petition despite procedural flaws. Provided that a petition is not frivolous or patently without merit but only untimely filed, the matter of untimeliness should be left for the State to invoke. After a review of the claim, if unimpressed by its merits, the State can easily end the matter with a motion to dismiss. If, however, that review should reveal an injustice of constitutional scope, the State can waive the untimeliness of the claim in order to correct the injustice and protect the constitution. As rare as the latter situation might be, a knowing waiver of a procedural defect in the face of an obvious

constitutional deprivation would be entirely consistent with a State's Attorney's oath of office and duty as a public servant.

Since the Post-Conviction Hearing Act's time constraints are procedural rather than jurisdictional, the State's Attorneys of this State possess the power to correct any monumental and obvious injustice. They can do so even where a prisoner's plea for justice arises in an untimely manner. It is a power that courts should not preempt by summary dismissal of untimely but potentially meritorious petitions.

The trial judge should not have summarily dismissed a postconviction petition solely because it was filed beyond the Post-Conviction Hearing Act's statute of limitations. Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.

GOLDENHERSH, P.J., and HOPKINS, J., concur.