THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDMOND KEITH HILL, Defendant-Appellant.

Fifth District    No. 5—97—1082

Opinion filed May 2, 2000.

Edmond Keith Hill, of Centralia, *pro se.*

William R. Haine, State's Attorney, of Edwardsville (Norbert J. Goetten, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

On June 17, 1994, following a jury trial in the circuit court of Madison County, defendant, Edmond Keith Hill, was found guilty by a jury of the offense of aggravated criminal sexual assault. On October 26, 1994, defendant was sentenced by the circuit court of Madison County to 18 years in the Illinois Department of Corrections.

On July 21, 1997, defendant's conviction and sentence were affirmed by this court on direct appeal brought by defendant. *People v. Hill*, 289 Ill. App. 3d 859 (1997). Defendant's petition for rehearing was denied on August 8, 1997, and on December 3, 1997, defendant's petition for leave to appeal to the Illinois Supreme Court, filed September 5, 1997, was denied by that court. *People v. Hill*, 175 Ill. 2d 540 (1997).

On October 21, 1997, prior to the denial of his petition for leave to appeal to the supreme court, defendant filed in the circuit court of Madison County a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 1996)). The petition raises a multitude of issues and is accompanied by numerous exhibits in support. On October 23, 1997, pursuant to section 122—2.1 of the Act (725 ILCS 5/122—2.1 (West 1996)), the circuit court of Madison County summarily dismissed defendant's postconviction petition as patently without merit and as untimely filed. Defendant appeals the summary dismissal of his postconviction petition.

We will address the timeliness issue first. Section 122—1(c) of the Act sets forth time limits for the filing of a postconviction petition:

"No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1(c) (West 1998).

In *People v. Wright*, 189 Ill. 2d 1 (1999), our supreme court held that

these time limits are not jurisdictional but are in the nature of a statute of limitations, which issue must be raised by the State or be considered waived. However, in the summary dismissal stage provided by section 122—2.1 of the Act, the State has neither the opportunity nor the right to respond to the postconviction petition. See *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). Furthermore, the court is foreclosed from engaging in any fact-finding or any review of matters beyond the allegations of the petition. See *People v. Coleman*, 183 Ill. 2d 366 (1998). The determination of whether a petitioner is culpably negligent in filing a late postconviction petition is a factual finding. See *People v. McCain*, 312 Ill. App. 3d 529, 531 (2000). Accordingly, we held in *McCain*, 312 Ill. App. 3d at 531, that a trial court is not authorized to determine under section 122—2.1 of the Act whether the petition was timely filed, but the court is limited to a determination of whether the petition alleges the gist of a constitutional claim. Accordingly, we find that the trial court in the case at bar erred in dismissing defendant's petition as not timely filed.

After carefully reviewing the defendant's allegations and the record on appeal, we affirm the circuit court's summary dismissal of defendant's postconviction petition as patently without merit.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

GOLDENHERSH, P.J., and RARICK, J., concur.