FIRST DIVISION

September 25, 2000

No. 1-99-1046

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County

)

v. ) 

)

PHILIP FARAONE, ) Honorable

) Thomas Tucker,

Defendant-Appellant. ) Judge Presiding

JUSTICE McNULTY delivered the opinion of the court:

Defendant, Philip Faraone, appeals from the denial of his motion for extension of time to file a post conviction petition.  We hold that the principles stated in 
People v. Coleman
, 183 Ill. 2d 366, 701 N.E.2d 1063 (1998), should apply to review of decisions on motions for extensions of time to file post- conviction petitions.  Using these standards, we find that defendant failed to state sufficient facts to warrant an extension of time.  Therefore, we affirm the trial court's decision.

The trial court, in a bench trial, found defendant guilty of murder and armed robbery.  We affirmed the conviction and sentence.  
People v. Faraone
, No. 1-97-0624 (1997) (unpublished order under Supreme Court Rule 23).  Our supreme court denied defendant's petition for leave to appeal on February 4, 1998.

By letter dated February 9, 1998, defendant's attorney informed him of the denial of the petition for leave to appeal.  The attorney added that he was "reviewing the matter to determine whether there [was] a basis to proceed with a Post-Conviction Petition."

On September 10, 1998, defendant filed his motion for extension of time to file a postconviction petition.  He alleged that, after he received his attorney's letter, he tried repeatedly to contact his attorney to discuss the postconviction petition.  His attorney did not respond to the attempted contacts, so the attorney never told defendant that he had not filed the petition.

The trial court denied the motion for extension of time. Defendant filed this appeal pursuant to Supreme Court Rule 651(a).  134 Ill. 2d R. 651(a).

Under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 
et seq
. (West 1998)), a defendant must file his post- conviction petition within six months of the denial of his petition for leave to appeal his conviction, "unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence."
 725 ILCS 5/122-1(C) (West 1998).  Defendant here filed his motion for extension of time more than seven months after our supreme court denied his petition for leave to appeal.

The parties note that appellate court decisions conflict on the applicable standard for reviewing decisions on motions for extensions of time to file postconviction petitions.  The court applied 
de novo
 review in 
People v. Perry
, 293 Ill. App. 3d 113, 115, 687 N.E.2d 1095 (1997), but used a manifest error standard in 
People v. Mitchell
, 296 Ill. App. 3d 930, 933, 696 N.E.2d 365 (1998).  Our supreme court, in 
People v. Caballero
, 179 Ill. 2d 205, 214, 688 N.E.2d 658 (1997), found that 
People v. Silagy
, 116 Ill. 2d 357, 365, 507 N.E.2d 830 (1987), established a manifest error standard of review for all aspects of postconviction proceedings.  But the court subsequently, in 
Coleman
, 183 Ill. 2d at 383-84, overruled that part of the holding of 
Silagy
 and established different standards of review for the several stages of postconviction proceedings.

The 
Coleman
 court observed that prior cases applied the deferential manifest error standard of review because "the post-conviction trial judge is able to observe and hear the witnesses at the evidentiary hearing and, therefore, occupies a []position of advantage in a search for the truth[] which []is infinitely superior to that of a tribunal where the sole guide is the printed record[]."  
Coleman
, 183 Ill. 2d at 384.  Because some stages of postconviction proceedings require no testimony, the court found that decisions at those stages do not warrant deferential review.

"The manifestly erroneous standard represents the typical appellate standard of review for findings of fact made by a trial judge. [Citation.]  For this reason, we question the continued use of this standard in cases where a post-conviction petition has been dismissed without an evidentiary hearing.  At the dismissal stage of a post-conviction proceeding, all well-pleaded facts that are not positively rebutted by the original trial record are to be taken as true.  The inquiry into whether a post-conviction petition contains sufficient allegations of constitutional deprivations does not require the circuit court to engage in any fact-finding or credibility determinations.  The Act contemplates that such determinations will be made at the evidentiary stage, not the dismissal stage, of the litigation.  *** Accordingly, we believe the manifestly erroneous standard is only appropriate when reviewing the propriety of an order of the circuit court granting or denying post-conviction relief at the conclusion of the evidentiary stage of the proceeding.

* * *

*** The decision to dismiss a post-conviction petition does not require a true exercise of discretion by the circuit court.  In fact, no discretion is to be employed at this stage of the litigation–where the petitioner alleges sufficient facts which demonstrate a constitutional deprivation, this court has construed the Act to require the circuit court to proceed to the evidentiary stage of the proceeding so that a full evidentiary record can be made, replete with findings of fact.  All factual inquiries into the petition's allegations are eliminated at this stage of the proceedings;  therefore, the circuit court's inquiry is limited solely to the sufficiency of the allegations.  Such a determination, in general, encompasses a []uniquely legal dimension[] [citation] which, historically, has never been subject to discretionary review in this state.

In light of the foregoing, we are of the opinion that the ultimate question regarding the sufficiency of the allegations contained in a post-conviction petition merits treatment as a legal inquiry requiring plenary appellate review."  
Coleman
, 183 Ill. 2d at 384-88.

In 
People v. McClain
, 292 Ill. App. 3d 185, 188, 684 N.E.2d 1062 (1997), the appellate court held that the burden on a defendant moving for an extension of time to file a post- conviction petition matches the burden a defendant faces on the post conviction petition itself.  We agree and we find that the reasoning of 
Coleman
 concerning review of decisions on post conviction petitions guides assessment of the standard for reviewing decisions on motions for extension of time to file such petitions.

The court in 
McClain
, 292 Ill. App. 3d at 188, suggested that a trial court could hold an evidentiary hearing to determine whether a defendant acted with culpable negligence when he failed to timely file his postconviction petition.  If a trial court holds such a hearing and listens to the testimony of witnesses, then the manifest error standard applies to our review of the trial court's factual findings.  See 
Coleman
, 183 Ill. 2d at 385.

But here the trial court denied the motion for extension of time because it found the allegations of the petition insufficient to warrant the requested extension.  At this stage, the court must accept as true all facts pleaded in the motion unless the trial record positively rebuts those pleadings.  See 
Coleman
, 183 Ill. 2d at 385.  The assessment of the sufficiency of those allegations presents a legal question subject to plenary review.  See 
Coleman
, 183 Ill. 2d at 387-88.  

Defendant's attorney told defendant the attorney would review defendant's case to determine whether to file a post- conviction petition.  Thereafter defendant heard nothing from the attorney, despite defendant's repeated efforts to contact him. Defendant did not file anything – not even a motion for an extension of time – until more than a month after the period for filing a postconviction petition expired.

Defendant had the burden of alleging facts that show the absence of culpable negligence.  
People v. Van Hee
, 305 Ill. App. 3d 333, 336, 712 N.E.2d 363 (1999).  The facts alleged show that defendant had ample notice of the right to file a postconviction petition.  His attorney said only that he would review the file to determine whether to file such a petition.  The allegations do not lead to the conclusion that the attorney misled defendant or caused him to believe the attorney had decided to file a post conviction petition.  Defendant needed to act prior to the expiration of the statutory period to preserve his rights.  We find the facts stated in the petition do not meet defendant's burden of showing the absence of culpable negligence.

Finally, defendant argues that he should have more time to file his postconviction petition because this court recently reversed the denial of a codefendant's postconviction petition. See 
People v. Chomer
, No. 1-97-2135 (1998) (unpublished order under Supreme Court Rule 23).  As defendant has not presented a proposed postconviction petition, we can only speculate as to the use he intends to make of the new decision.  The argument in defendant's brief does not show that any new facts or applicable legal principles came to light because of our decision.  On this record, we cannot say that our decision on the codefendant's petition shows the absence of culpable negligence in the delay beyond the statutory period for filing the postconviction petition.  Therefore, we affirm the trial court's denial of defendant's motion for extension of time to file his post-

conviction petition.

Affirmed.

FROSSARD and TULLY, JJ., concur.