THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY HARDEN, Defendant-Appellant.

Fourth District    No. 4—99—0486

Opinion filed September 29, 2000.

Charles M. Schiedel and Allen H. Andrews, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE COOK delivered the opinion of the court:

Defendant Anthony Harden appeals the summary dismissal of his May 7, 1999, postconviction petition pursuant to section 122—2.1(a)(2) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/122—2.1(a)(2) (West 1998)), often referred to as the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 through 122—8 (West 1998)).

Following a September 1, 1993, "shakedown" at Pontiac Correctional Center, Harden was convicted after a March 14, 1994, jury trial of unlawful possession of a weapon by a person in the custody of the Department of Corrections. 720 ILCS 5/24—1.1(b) (West 1992). On April 28, 1994, Harden was sentenced to 10 years' imprisonment, to be served consecutive to his prior sentences. This court affirmed Harden's direct appeal, and the Supreme Court of Illinois denied Harden leave to appeal from our decision on October 2, 1996. *People v. Harden*, No. 4—94—0426 (June 27, 1996) (unpublished order under Supreme Court Rule 23), *appeal denied*, 168 Ill. 2d 608, 671 N.E.2d 737 (1996).

■ Under the law in effect at the time of Harden's conviction, a petition for postconviction relief must have been filed within six months of denial of his petition for leave to appeal, or within three years from the date of conviction, whichever was *later*. The deadline must be complied with unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence. 725 ILCS

5/122—1 (West 1992). This provision was amended (Pub. Act 88—678, § 15, eff. July 1, 1995 (1994 Ill. Laws 2712, 2732)), changing "later" to "sooner." 725 ILCS 5/122—1 (West 1994). The shortened limitations period applies retroactively to convictions that occurred prior to its enactment. *People v. Bates*, 124 Ill. 2d 81, 84, 529 N.E.2d 227, 228 (1988). Harden's petition for leave to appeal was denied on October 2, 1996; six months from this date would fall on April 2, 1997. Three years after the date of Harden's "conviction," which we regard as the date the jury convicted him, March 14, 1994 (see *People v. Woods*, 306 Ill. App. 3d 1144, 1148, 715 N.E.2d 1218, 1220-21 (1999), *appeal allowed*, 186 Ill. 2d 588, 723 N.E.2d 1169 (1999)), was March 14, 1997. Harden's petition was untimely under both the previous version of the statute and the present version. Harden's petition was not filed on or before March 14, 1997, nor does it allege facts demonstrating that the delay was not due to his culpable negligence, and so his petition was not timely filed.

■ Harden, however, directs our attention to *People v. McCain*, 312 Ill. App. 3d 529, 727 N.E.2d 383 (2000). The Fifth District there correctly noted that section 122—2.1(a)(2) of the Code (725 ILCS 5/122—2.1(a)(2) (West 1996)) requires a trial court, within 90 days of the filing of such a petition, to determine whether the petition is "frivolous or patently without merit." *McCain*, 312 Ill. App. 3d at 530, 727 N.E.2d at 384-85. The *McCain* court narrowly construed the role of the trial court under this section and held that a court could not dismiss a petition for untimeliness prior to the expiration of this period. *McCain*, 312 Ill. App. 3d at 531, 727 N.E.2d at 385. We disagree. The *McCain* court also correctly noted that the Supreme Court of Illinois has held that the time requirements of section 122—1 are not jurisdictional in nature and that they can be waived, *i.e.*, forfeited, by the prosecution. *People v. Wright*, 189 Ill. 2d 1, 10-11, 723 N.E.2d 230, 236 (1999). But the *McCain* opinion (and Harden's argument) ignores that portion of *Wright* which states:

> "[In so holding], we caution that we are not limiting the trial court's ability, during the court's initial review of noncapital petitions [according to section 122—2.1(a)(2)], to dismiss the petition as untimely. The import of our decision is simply that matters relating to the timeliness of a defendant's petition should first be considered in the trial court, *either upon a motion by the State or pursuant to the duty imposed upon the trial court by section 122—2.1(a)(2)*." (Emphasis added.) *Wright*, 189 Ill. 2d at 11-12, 723 N.E.2d at 237.

This passage makes it abundantly clear that the trial court may dismiss a postconviction petition as untimely during its initial review,

at least where, as here, the defendant has not alleged that the untimeliness is not due to his culpable negligence. Furthermore, no motion by the State is necessary.

The Fifth District has now discussed *McCain* in subsequent decisions. See *People v. Johnson*, 312 Ill. App. 3d 532, 727 N.E.2d 1058 (2000); *People v. Hill*, 313 Ill. App. 3d 362, 729 N.E.2d 521 (2000); *People v. Whitford*, 314 Ill. App. 3d 335, 338-43, 732 N.E.2d 649, 653-57 (2000). In those decisions the Fifth District has (1) rejected the language we quoted from *Wright*, above, as *dicta*; and (2) complained that (a) dismissal of a petition as untimely involves a factual finding that is prohibited during the initial summary review stage, and (b) such dismissal deprives the State of its power and duty to confess an untimely "actual innocence" claim.

Even assuming the language of *Wright* to be *dicta*, we deem its analysis to be sound and choose to follow it. The purpose of the initial summary review procedure of section 122—2.1 is to quickly eliminate frivolous or meritless cases from the system. 725 ILCS 5/122—2.1 (West 1998). A petition where the statute of limitations has long since run is frivolous and meritless. Even if timeliness is a factual issue, factual issues at some point can be decided as matters of law, *e.g.*, when the evidence becomes so overwhelming that no contrary verdict could ever stand. See *Fooden v. Board of Governors of State Colleges & Universities*, 48 Ill. 2d 580, 586, 272 N.E.2d 497, 500 (1971). A judge may determine that petitioner has not alleged facts showing that his delay in filing was not due to his culpable negligence just as easily as the judge may determine that an allegation of ineffective assistance of counsel is frivolous or patently without merit. Finally, if the State wishes to confess an "actual innocence" claim, we are convinced that it will have many opportunities to do so. Under the logic of the Fifth District cases, no postconviction petition should ever be summarily dismissed; the State should review the evidence to determine whether it wishes to confess the petition.

We therefore need not address defendant's other contentions on appeal. We affirm the judgment of the circuit court of Livingston County.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.