NO. 4-99-0576

16 November 2000

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

) Morgan County

SCOTT A. CARROLL, ) No. 93CF126

Defendant-Appellant. )

) Honorable

) J. David Bone,

) Judge Presiding.

_________________________________________________________________

PRESIDING JUSTICE COOK delivered the opinion of the court:

Defendant Scott A. Carroll appeals the dismissal of his postconviction petition, filed pursuant to section 122-1(a) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(a) 
(West 1998)).

On January 7, 1994, a jury convicted Carroll of first degree murder (720 ILCS 5/9-1(a)(1) (West 1992)), stemming from the August 28, 1993, shooting death of William Doug Scoggins.  Carroll was sentenced to 60 years' imprisonment on February 28, 1994.  On July 22, 1996, this court affirmed his conviction on direct appeal.  
People v. Carroll
, 278 Ill. App. 3d 464, 663 N.E.2d 458 (1996).  On October 1, 1997, the Supreme Court of Illinois denied Carroll's petition for leave to appeal.  
People v. Carroll
, 174 Ill. 2d 573, 686 N.E.2d 1166 (1997).

On April 22, 1999, Carroll filed a petition for post­

conviction relief.  He also filed a motion for appointment of counsel.  The next day, the court dismissed the petition as untimely, correctly noting that Carroll had failed to allege facts showing that the delay was not due to his culpable negli

gence. 

On May 12, 1999, Carroll filed a motion for reconsider

ation.  Carroll alleged therein that he had been unable to file his petition on time because of time spent in segregation and the ensuing loss of his paperwork.

On July 6, 1999, the court conducted a hearing on the motion.  The prosecutor was present and Carroll appeared 
pro
 
se
.  After questioning Carroll and entertaining arguments by the prosecutor, the court denied the motion.

We first note Carroll's argument that the trial court may not dismiss postconviction petitions on the grounds of untimeliness during its initial review.  See 
People v. McCain
, 312 Ill. App. 3d 529, 531, 727 N.E.2d 383, 385 (2000).  We have rejected that position, finding instead that the trial court inherently has such power.  See 
People v. Harden
, No. 4-99-0486, slip op. at 4 (September 29, 2000), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___.

However, it is improper for a trial court to entertain argument or otherwise receive input from the State during the first phase of proceedings on a postconviction petition.  We have long recognized that in initially examining a petition the court must proceed 
inops
 
consilii
, that is, without input by either the State or the petitioner.  On the other hand, neither can there be appointment of counsel or leave to proceed 
in
 
forma
 
pauperis
 until it is determined that the petition will not be dismissed at this juncture.  
People v. Novak
, 200 Ill. App. 3d 189, 190, 558 N.E.2d 644, 645 (1990).

The trial court's decision to hold a hearing may have been predicated upon Carroll's styling of his pleading as a "motion to reconsider."  But Carroll's "motion to reconsider" should have been taken as a motion to amend his petition.  As the trial court queried:  "[J]ust how permissive can the [c]ourt be if, how liberal can the [c]ourt be in 
allowing
 
[Carroll]
 
to
 
amend
 and go back and show that it was not his negligence that he filed late, and should the [c]ourt then also appoint counsel.  That's the question I have."  Furthermore, review of the record also demonstrates that the ensuing arguments by the State regarded other matters wholly within the province of the court at this stage of review, 
e.g.
, the actual sufficiency of Carroll's pleading.  The court should have undertaken to resolve its uncertainty on these issues under its own power.

We have already cited 
Novak
 for the proposition that counsel cannot be appointed until the court's initial review is complete.  A petitioner is left to his own devices in framing a petition meeting the initial burden and in timely filing same.  However, a petitioner is allowed to amend his petition to cure any defect regarding timeliness, including the opportunity to plead facts establishing that the delay was not due to his culpable negligence.  
People v. Wright
, 189 Ill. 2d 1, 11, 723 N.E.2d 230, 236 (1999).  We note that allowing petitioners to do so does not impose a terrible burden upon the court, for review of the petition as amended will still initially proceed 
inops
 
consilii
.

Upon remand, Carroll should be given leave to amend his petition to allege such facts as he can that the delay was not due to his culpable negligence, without that amendment being the subject of argument by the State.  However, there is no need give Carroll leave to plead or expand upon the merits of his petition itself, 
i.e.
, his underlying claims of constitutional depriva

tion,
 these never having been the subject of discussion by either the court or counsel.  We are, in effect, placing the parties in the positions they occupied before the proceedings went awry.  The court should then proceed to consider the petition, as amended, without further input from either party. 

We reverse the judgment of the trial court of Morgan County and remand the cause for further proceedings consistent with the views expressed herein.

Reversed and remanded with directions.

STEIGMANN and KNECHT, JJ., concur.