740 N.E.2d 1179 (2000)
317 Ill. App.3d 1047
251 Ill.Dec. 608
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Allen LOPEZ, Defendant-Appellant.
No. 1-99-1653.
Appellate Court of Illinois, First District, Third Division.
December 6, 2000.
*1180 Rita A. Fry, Public Defender of Cook County, Chicago (Denise R. Avant, of counsel), for Appellant.
Richard A. Devine, State's Attorney of Cook County, Chicago (Renee Goldfarb, Janet Powers Doyle, Sharese Shields, Alan J. Spellberg and Michele Grimaldi Stein, of counsel), for Appellee.
Justice WOLFSON delivered the opinion of the court:
The other appellate districts are evenly divided on the issue we address in this case: Can a trial court summarily dismiss a post-conviction petition where it finds the defendant failed to allege sufficient facts showing an untimely filing was not due to the defendant's culpable negligence? We join those courts that have held the answer is yes.
Following a jury trial, defendant Allen Lopez was convicted of first degree murder and sentenced to 32 years in prison. We affirmed his conviction and sentence on direct appeal. People v. Lopez, No. 1-94-2736 (1996) (unpublished order pursuant to Supreme Court Rule 23). Defendant subsequently filed a pro se petition for post-conviction relief which the trial court summarily dismissed after finding it was not filed within the statutorily prescribed time period. In fact, it was eighteen months late.
On appeal, defendant concedes his petition was not timely filed, but contends the trial court erred in dismissing his petition since he had alleged the late filing was not due to his culpable negligence.
The threshold inquiry is whether a post-conviction petition can be summarily dismissed solely on the ground of untimeliness as it was in this case. This question has not yet been answered by the First District.
The conflict among the districts derives from different interpretations of the supreme court's decision in People v. Wright, 189 Ill.2d 1, 243 Ill.Dec. 198, 723 N.E.2d 230 (1999), which held the time provision in section 122-1(c) of the Post Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 1998)) operates as a statute of limitations rather than a jurisdictional bar.
The Act provides a three-stage process for adjudication of post-conviction petitions. People v. Frieberg, 305 Ill. App.3d 840, 846, 238 Ill.Dec. 964, 713 N.E.2d 210 (1999). During the first stage the trial court determines, without any input from the State or further pleadings from the defendant, whether the petition is frivolous or patently without merit. Frieberg, *1181 305 Ill.App.3d at 847, 238 Ill.Dec. 964, 713 N.E.2d 210. If the petition survives this stage, the court may appoint counsel to represent an indigent defendant, and counsel will have an opportunity to amend the petition. Frieberg, 305 Ill.App.3d at 847, 238 Ill.Dec. 964, 713 N.E.2d 210. The State then may file a motion to dismiss the petition. Frieberg, 305 Ill.App.3d at 847, 238 Ill.Dec. 964, 713 N.E.2d 210. If the State does not file a motion to dismiss or if the trial court denies the State's motion, the trial court will proceed to the third stage and conduct an evidentiary hearing on the merits of the petition. Frieberg, 305 Ill.App.3d at 847, 238 Ill.Dec. 964, 713 N.E.2d 210.
Section 122-1(c) of the Act sets out a time limitation for post-conviction relief. This section states, in pertinent part:
"(c) No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court * * * or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 1998).
In Wright, the defendant's petition for post-conviction relief survived the first stage of the proceedings. At the second stage, the trial court granted the State's motion to dismiss the petition. On appeal, the defendant contended the trial court erred in granting the State's motion. The State responded, in part, by claiming defendant's petition was untimely and the trial court therefore lacked jurisdiction over the matter. The supreme court disagreed:
"A review of the time limitation found in section 122-1 reveals that it has more in common with statutes of limitations than it does with statutes conferring jurisdiction. The plain language of section 122-1 demonstrates that time is not an integral part of the remedy. In fact, if a petitioner can demonstrate that the late filing was not due to his culpable negligence, there is no time limit within which a petitioner must file his post conviction petition. [Citation.] A safety valve that allows an unlimited time in which to file a post conviction petition cannot be reconciled with a concept that makes time a condition of the liability or with a position that time is an inherent element of the right created. As a lack of culpable negligence permits the filing of a post-conviction petition regardless of the length of time that has passed, a lack of culpable negligencenot time is the inherent element." Wright, 189 Ill.2d at 8, 243 Ill.Dec. 198, 723 N.E.2d 230.
Because the State did not raise the statute of limitations argument in its motion to dismiss at the second stage, the supreme court found it had waived the issue for purposes of appeal. Wright, 189 Ill.2d at 11, 243 Ill.Dec. 198, 723 N.E.2d 230. However, the court went on to say:
"In reaching this conclusion, we caution that we are not limiting the trial court's ability, during the court's initial review of noncapital petitions [citation] to dismiss the petition as untimely. The import of our decision is simply that matters relating to the timeliness of a defendant's petition should first be considered in the trial court, either upon a motion by the State or pursuant to the duty imposed upon the trial court by section 122-2.1(a)(2)." Wright, 189 Ill.2d at 11-12, 243 Ill.Dec. 198, 723 N.E.2d 230.
Section 122-2.1(a)(2) of the Act is the statutory provision for summary dismissal at the first stage of the proceedings. 725 ILCS 5/122-2.1(a)(2) (West 1998).
Despite this language, the Fifth District has held the trial court cannot dismiss a post-conviction petition as untimely during first stage proceedings. People v. Whitford, *1182 314 Ill.App.3d 335, 247 Ill.Dec. 594, 732 N.E.2d 649 (2000); People v. Hill, 313 Ill.App.3d 362, 246 Ill.Dec. 148, 729 N.E.2d 521 (2000); People v. Johnson, 312 Ill. App.3d 532, 245 Ill.Dec. 324, 727 N.E.2d 1058 (2000), appeal allowed 189 Ill.2d 694, 248 Ill.Dec. 605, 734 N.E.2d 896 (2000); People v. McCain, 312 Ill.App.3d 529, 531, 245 Ill.Dec. 130, 727 N.E.2d 383 (2000), appeal allowed 189 Ill.2d 696, 248 Ill.Dec. 605, 734 N.E.2d 896 (2000). The Fifth District relied on the supreme court's characterization of the Act's time provision as a statute of limitations, finding untimeliness is an affirmative defense that can be considered only if raised by the State. In Johnson, the court said:
"It follows that those who initially review pro se petitions to determine whether they are frivolous or patently without merit should refrain from summary dismissal based solely upon a tardy filing date. The question of the petition's untimeliness should await a responsive pleading from the State." Johnson, 312 Ill.App.3d at 533, 245 Ill. Dec. 324, 727 N.E.2d 1058.
It appears that the Third District lines up with the Fifth District. In People v. Arias, 309 Ill.App.3d 595, 597, 243 Ill.Dec. 91, 722 N.E.2d 1160 (1999), the court took Wright to mean the failure of the State to raise timeliness of the petition at the first stage waives the issue, since the time limitations in the Act should be considered an affirmative defense. Wright, of course, said no such thing. It said the trial court is free to consider untimeliness of the petition during its initial review, "either upon a motion by the State or pursuant to the duty imposed upon the trial court by section 122-2.1(a)(2)." (Emphasis Added). Wright, 189 Ill.2d at 11-12, 243 Ill.Dec. 198, 723 N.E.2d 230.
The closest the First District has come to a resolution of this issue is People v. Faraone, 316 Ill.App.3d 897, 250 Ill.Dec. 355, 738 N.E.2d 571 (2000), where the court held a motion for an extension of time to file a late post-conviction petition did not satisfy the defendant's burden of showing absence of culpable negligence. Faraone, 316 Ill.App.3d 897, 250 Ill.Dec. 355, 738 N.E.2d 571.
The Second and Fourth Districts have held the trial court can summarily dismiss a defendant's post-conviction petition where it finds the defendant failed to allege sufficient facts showing the untimely filing was not due to defendant's culpable negligence. People v. Carroll, 317 Ill. App.3d 408, 251 Ill.Dec. 83, 739 N.E.2d 1016 (2000); People v. Harden, 316 Ill. App.3d 695, 249 Ill.Dec. 916, 737 N.E.2d 306 (2000); People v. Boclair, 312 Ill. App.3d 346, 244 Ill.Dec. 855, 726 N.E.2d 1166 (2000), appeal allowed 189 Ill.2d 690, 248 Ill.Dec. 604, 734 N.E.2d 895 (2000); People v. Huffman, 315 Ill.App.3d 611, 248 Ill.Dec. 551, 734 N.E.2d 479 (2000).
In Carroll, the Fourth District rejected defendant's contention that the trial court may not dismiss a post-conviction petition as untimely during first stage review, and went on to find "it is improper for a trial court to entertain argument or otherwise receive input from the State during the first phase of proceedings on a post-conviction petition." Carroll, 317 Ill.App.3d at 409, 251 Ill.Dec. 83, 739 N.E.2d 1016. In Harden, the court found Wright made it "abundantly clear" that the trial court may dismiss a post-conviction petition as untimely during its initial review. Harden, 316 Ill.App.3d at 697, 249 Ill.Dec. 916, 737 N.E.2d 306. Boclair held the State did not waive the untimeliness issue by failing to raise it at the first stage of the post-conviction process. Boclair, 312 Ill.App.3d at 350, 244 Ill.Dec. 855, 726 N.E.2d 1166.
In Huffman, the Second District found the plain language of the Act requires dismissal of an untimely petition unless the defendant alleges facts showing the delay was not caused by his or her culpable negligence. Huffman, 315 Ill.App.3d at 613, 248 Ill.Dec. 551, 734 N.E.2d 479.
For various reasons, including perceived conflicts within Wright, the Fifth District *1183 insists the trial court cannot, at the first stage, consider the untimeliness issue unless the State first raises it. That is,
"[A]llowing the trial court to sua sponte raise and decide the issue of compliance with a statute of limitations, without any input from either party, and without any method by which to reconsider that decision in the trial court, makes the limitation provision of the Act an anomaly. No other statute of limitations is construed this way, and trial courts are not allowed to decide any other statute of limitations issue sua sponte without any input from either party." Whitford, 314 Ill.App.3d at 342, 247 Ill.Dec. 594, 732 N.E.2d 649.
What happens, then, to the supreme court's "caution that we are not limiting the trial court's ability, during the court's initial review of noncapital petitions [citation] to dismiss the petition as untimely[ ]"? Wright, 189 Ill.2d at 11, 243 Ill.Dec. 198, 723 N.E.2d 230. The Fifth District dismisses that language as "dicta." See Whitford, 314 Ill.App.3d at 342, 247 Ill. Dec. 594, 732 N.E.2d 649.
Dicta or not, it came from a court of last resort and "can be tantamount to a decision therefore binding in the absence of a contrary decision of that court." Cates v. Cates, 156 Ill.2d 76, 80, 189 Ill.Dec. 14, 619 N.E.2d 715 (1993). We see the supreme court's "caution" as a clear directive.
We believe the key to understanding the "anomaly" created by Wright lies in People v. Bates, 124 Ill.2d 81, 124 Ill.Dec. 407, 529 N.E.2d 227 (1988), the case cited by the supreme court as support for its finding that the Act's time provision was a statute of limitations rather than a jurisdictional bar.
In Bates, the supreme court was asked to decide whether an amendment shortening the time period during which a defendant may file a post-conviction petition could be applied retroactively. The court found the time limitation could be applied retroactively because it was a statute of limitation, procedural in nature. Bates, 124 Ill.2d at 85, 124 Ill.Dec. 407, 529 N.E.2d 227. The court next considered whether the defendant should be given a reasonable time within which to file his petition, as had been done in other cases that retroactively applied an amended statute of limitations. In determining it was not necessary to do so, the court said:
"There is * * * an important distinction between the limitation provision at issue here and [other statutes of limitation] * * * The limitation provision in the Post Conviction Hearing Act provides that no action may be brought more than 10 years after rendition of final judgment, `unless the petitioner alleges facts showing that the delay was not due to his culpable negligence.' [Citation.] The limitations statutes involved in the other cases discussed do not contain such qualification. In our judgment, this language creates a special `safety valve,' unique to the Post Conviction Hearing Act * * *." Bates, 124 Ill.2d at 87-88, 124 Ill.Dec. 407, 529 N.E.2d 227.
The Wright court also referred to the lack of culpable negligence exception to the Act's statute of limitations as a "safety valve." Wright, 189 Ill.2d at 8, 243 Ill.Dec. 198, 723 N.E.2d 230.
The supreme court recognized the unique language of the Post Conviction Act in both Bates and Wright, indicating it did not view the limitations period as a typical statute of limitations that may be considered and applied only when raised as an affirmative defense.
The Fifth District's construction of the Act's statute of limitations contradicts the supreme court's language in Wright and Bates, as well as the plain language of the statute itself. While the time provision found in the Act is a statute of limitations rather than a jurisdictional bar, it is a statute that contains unique language which places the burden of alleging facts invoking the "culpable negligence" exception on the defendant. This unique language *1184 makes it possible for a trial court to summarily dismiss an untimely petition where the defendant has not sufficiently alleged a lack of culpable negligence.
Just as the trial court may summarily dismiss a pro se petition as "patently without merit" where the allegations do not raise the gist of a constitutional claim, it may summarily dismiss an untimely petition as "frivolous" where the allegations, taken as true, do not show a lack of culpable negligence in failing to file a timely petition. 725 ILCS 5/122-2.1(a) (West 1998); Harden, 316 Ill.App.3d at 698, 249 Ill.Dec. 916, 737 N.E.2d 306 ("A petition where the statute of limitations has long since run is frivolous and meritless[ ]").
This brings us to the contention raised by defendant in this appeal. According to defendant, his allegation that the prison in which he was incarcerated had been on lockdown since April 1996 was sufficient to show the late filing was not caused by his culpable negligence. Though defendant concedes he was late in filing his petition, he claims his lack of access to the law library during the lockdown interfered with his ability to research legal issues and consult his "jailhouse lawyer."
The record reveals defendant was convicted of the shooting death of Michael Martinez on April 26, 1994, and sentenced on June 28, 1994. After the trial court's decision was affirmed by this court on direct appeal on August 12, 1996, the Illinois Supreme Court allowed defendant to file an untimely petition for leave to appeal (PLA) on October 24, 1997, which it then denied on April 1, 1998. Under the Act, the statute of limitations on defendant's post-conviction petition ran on June 28, 1997. 725 ILCS 5/122-1(c) (West 1998); People v. Woods, 193 Ill.2d 483, 250 Ill. Dec. 730, 739 N.E.2d 493 (2000) (post-conviction statute of limitations runs from date of sentencing).
On September 4, 1998, defendant filed a motion with the trial court requesting an extension of time within which to file a pro se petition for post-conviction relief. In his motion, defendant alleged he had been in segregation and the prisons where he had been incarcerated were under a 24 hour lockdown. Defendant claimed he was being denied access to the prison law library and had "no access or very limited access, to law books, typewriter(s), research books, law-clerks, paralegals, or instructional packets." The motion for an extension of time was denied. That ruling is not a subject of this appeal.
Though the trial court denied his motion, defendant filed a petition for post-conviction relief on December 15, 1998, again alleging that he had been in segregation since some time before April 1997 and that "all maximum security prisons [were] * * * on lockdown since April 1996."
At this first stage, the trial judge must accept as true all facts pleaded in the petitioner's papers, unless the trial record positively rebuts these pleadings. People v. Coleman, 183 Ill.2d 366, 385, 233 Ill.Dec. 789, 701 N.E.2d 1063 (1998). If, after examining the pleadings, the trial judge dismisses the petition, we examine that decision as a legal question subject to plenary review. Coleman, 183 Ill.2d at 387-88, 233 Ill.Dec. 789, 701 N.E.2d 1063. That is, review is de novo. People v. Simms, 192 Ill.2d 348, 360, 249 Ill.Dec. 654, 736 N.E.2d 1092 (2000). We conduct that review with the understanding that vague, conclusory assertions will not do. The defendant is "affirmatively obliged to show why such exceptions apply, and the burden upon the defendant is a heavy one." Boclair, 312 Ill.App.3d at 348, 244 Ill.Dec. 855, 726 N.E.2d 1166.
The trial court summarily dismissed defendant's petition after finding it was not filed within the statutorily prescribed time period. However, in doing so it ruled that defendant's failure to file the petition in a timely manner meant the court "had no jurisdiction to proceed." The trial court did not discuss defendant's allegations of lack of culpable negligence, most likely because a finding of lack of jurisdiction *1185 would preclude a court from reaching any substantive claims. See Wright, 189 Ill.2d at 10, 243 Ill.Dec. 198, 723 N.E.2d 230. The trial court's order was entered before the supreme court decided Wright.
This case is remanded so that the trial court may determine whether defendant's post-conviction petition alleged facts which, if taken as true, are sufficient to show he was not culpably negligent in failing to file a timely post-conviction petition. We make no comment on the sufficiency of defendant's allegations.
The order of the circuit court is reversed and this cause is remanded for further proceedings.
Reversed and remanded.
HALL, P.J., and BURKE, J., concur.