THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES STEWART, Defendant-Appellant.

First District (2nd Division)   No. 1—99—3621

Opinion filed December 18, 2001.

Michael J. Pelletier, and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and Clare Wesolik Connolly, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE BURKE delivered the opinion of the court:

Defendant Charles Stewart appeals from an order of the circuit court dismissing, without an evidentiary hearing, his *pro se* petition for postconviction relief filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 1998)). On appeal, defendant contends that the trial court erred in summarily dismissing his postconviction petition as untimely, that his extended-term sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d

435, 120 S. Ct. 2348 (2000), and that Public Act 83—942 (Pub. Act 83—942, eff. November 23, 1983) violates the single subject rule of article IV, section 8, of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8). For the reasons set forth below, we affirm.

## STATEMENT OF FACTS

On June 1, 1995, defendant was found guilty of first degree murder following a bench trial as a result of his "violation" of a fellow gang member, or, in lay language, for his participation in punishing and beating to death the fellow gang member for wrongdoing. Defendant was sentenced to an extended-term of 70 years' imprisonment based on the fact that the killing was brutal and heinous. We affirmed defendant's conviction upon direct appeal in an order issued pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23). Upon rehearing, we modified the order but again affirmed the judgment of the trial court. *People v. Stewart*, No. 1—95—3666 (1996) (unpublished order under Supreme Court Rule 23). Thereafter, defendant appealed to the Illinois Supreme Court, which affirmed this court. *People v. Stewart*, 179 Ill. 2d 556, 689 N.E.2d 1129 (1997).

On August 17, 1999, defendant filed a *pro se* postconviction petition, alleging ineffective assistance of trial counsel in failing to call a handwriting expert at trial and ineffective assistance of appellate counsel in failing to raise vital and proper issues on appeal and in failing to raise the issues presented to the appellate court in the supreme court. On September 10, 1999, the trial court summarily dismissed defendant's petition, finding that it was untimely. This appeal followed.

## ANALYSIS

### I. Dismissal of Postconviction Petition

Defendant first contends that the trial court erred in dismissing his postconviction petition because: (1) it raised "far more than" a gist of a valid constitutional claim, specifically, ineffective assistance of counsel because counsel failed to timely secure and present testimony from a handwriting expert to support defendant's testimony that he did not sign the confession admitted against him at trial; (2) the trial court does not have authority to address the timeliness of a postconviction petition at the summary dismissal stage; and (3) the trial court failed to summarily dismiss his postconviction petition within 90 days.[1]

---

[1]This contention is clearly without merit. Defendant's postconviction petition was filed on August 17, 1999, and the trial court summarily dismissed it on September 10, 1999.

With respect to the issue of timeliness, defendant asks us to follow two Fifth District cases, which held that the issue of timeliness cannot be made at the summary dismissal stage.

■ Section 122—1(c) of the Act, which sets forth the time limitation for filing a postconviction petition, provides:

"No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court *** or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1(c) (West 1998).

■ Although there clearly is a split among the appellate districts as to whether a postconviction petition can be dismissed at the summary dismissal stage based on untimeliness,[2] the First District addressed the issue in *People v. Scullark*, 325 Ill. App. 3d 876 (2001), and *People v. Lopez*, 317 Ill. App. 3d 1047, 740 N.E.2d 1179 (2000). In both cases, after analyzing other decisions on the issue and relevant supreme court authority, the *Lopez* and *Scullark* courts concluded that timeliness of a postconviction petition may be addressed at the summary dismissal stage. *Scullark*, 325 Ill. App. 3d at 879; *Lopez*, 317 Ill. App. 3d at 1052-53. We believe the *Scullark* and *Lopez* decisions are sound and we follow them. Accordingly, we reject defendant's request to follow the Fifth District's decisions.

■ Pursuant to section 122—1(c), defendant's postconviction petition here was due the sooner of (1) June 1, 1998 (three years from the

[2]The Fifth and Third Districts have held that postconviction petitions cannot be dismissed at the summary dismissal stage based on untimeliness alone. See *People v. Whitford*, 314 Ill. App. 3d 335, 336, 732 N.E.2d 649 (5th Dist. 2000); *People v. Hill*, 313 Ill. App. 3d 362, 364, 729 N.E.2d 521 (5th Dist. 2000); *People v. Johnson*, 312 Ill. App. 3d 532, 533, 727 N.E.2d 1058 (5th Dist. 2000), *appeal allowed*, 189 Ill. 2d 694, 734 N.E.2d 896 (2000); *People v. Mc-Cain*, 312 Ill. App. 3d 529, 531, 727 N.E.2d 383 (5th Dist. 2000), *appeal allowed*, 189 Ill. 2d 696, 734 N.E.2d 896 (2000); *People v. Arias*, 309 Ill. App. 3d 595, 598, 722 N.E.2d 1160 (3d Dist. 1999). The Fourth and Second Districts have held that a postconviction petition can be dismissed at the summary dismissal stage solely on the basis of untimeliness. See *People v. Parham*, 318 Ill. App. 3d 818, 825, 743 N.E.2d 697 (2d Dist. 2001); *People v. Carroll*, 317 Ill. App. 3d 408, 409, 739 N.E.2d 1016 (4th Dist. 2000); *People v. Harden*, 316 Ill. App. 3d 695, 698, 737 N.E.2d 306 (4th Dist. 2000); *People v. Huffman*, 315 Ill. App. 3d 611, 614, 734 N.E.2d 479 (2d Dist. 2000); *People v. Boclair*, 312 Ill. App. 3d 346, 350, 726 N.E.2d 1166 (4th Dist. 2000), *appeal allowed*, 189 Ill. 2d 690, 734 N.E.2d 895 (2000).

date of his conviction on June 1, 1995), or (2) August 23, 1997 (45 days after defendant filed his brief in the supreme court on July 9, 1997). Defendant did not file his petition until August 7, 1999, and therefore, it was untimely. Despite this, the Act provides a "safety valve" for defendants who do not timely file their petitions. *Scullark*, 325 Ill. App. 3d at 879. Under the Act, a defendant may be excused from timely filing his petition if he can establish that the tardiness was not due to his culpable negligence. 725 ILCS 5/122—1(c) (West 1998).

In *Scullark*, the trial court summarily dismissed the defendant's postconviction petition as untimely. On appeal, the defendant contended, *inter alia*, that his failure to include allegations in his petition that he was not culpably negligent should not result in dismissal of his petition. *Scullark*, 325 Ill. App. 3d at 879. The *Scullark* court agreed. First, it noted that the plain language of the Act does not require that allegations of lack of culpable negligence must be contained in a postconviction petition. *Scullark*, 325 Ill. App. 3d at 879. Second, even if such allegations were necessary in a petition, the court reasoned that they need not be alleged at the outset or in the original petition because a defendant can amend his petition. *Scullark*, 325 Ill. App. 3d at 880. Lastly, the *Scullark* court noted that our supreme court in *People v. Wright*, 189 Ill. 2d 1, 11, 723 N.E.2d 230 (1999), stated that a postconviction petition should not be dismissed for failure to allege lack of culpable negligence if the petition can be amended to include such allegations. According to *Scullark*, *Wright* stands for the proposition that if a petition is unsuccessful due to a failure to include lack of culpable negligence allegations in it, a defendant must be given an opportunity to amend. *Scullark*, 325 Ill. App. 3d at 881. Thus, "[t]he logical implication of [*Wright's*] holding is that it is not strictly necessary for the petitioner to plead a lack of culpable negligence until the issue has been raised by the State (or by the court, which may dismiss for lack of timeliness in the initial summary hearing without the State's motion), at which point the petitioner should be allowed to amend his petition." *Scullark*, 325 Ill. App. 3d at 881. While the defendant in *Scullark* had not asked to amend his petition or filed a motion to amend following the trial court's summary dismissal, he did file a motion to reconsider dismissal of the petition, which motion contained allegations of lack of culpable negligence. Because of this, the *Scullark* court assessed whether the allegations were sufficient.

In the instant case, the issue of timeliness and defense of lack of culpable negligence were raised by the trial court when it summarily dismissed defendant's petition based on untimeliness. However,

defendant did not file a motion to amend his postconviction petition or a motion to reconsider following the summary dismissal. In fact, defendant did not even raise any allegations with respect to lack of culpable negligence until his reply brief before this court. Pursuant to *Wright* and *Scullark*, defendant was required to raise and allege his lack of culpable negligence at the trial level, either in his postconviction petition, a motion to amend his petition, or a motion of whatever nature directed at the trial court's summary dismissal. See also *People v. Cruz*, 324 Ill. App. 3d 927, 929, 755 N.E.2d 90 (2001) (where the defendant files his postconviction petition after the expiration of the applicable time period, he must allege facts that the delay was not due to his culpable negligence). This is particularly true since the trial court is allowed to address not only the timeliness of a postconviction petition at the summary dismissal stage, but also whether a defendant has established a lack of culpable negligence, thus excusing the untimeliness. See *Lopez*, 317 Ill. App. 3d at 1052-53. As such, these questions should be resolved before the trial court. Accordingly, because defendant here did not raise any allegations of lack of culpable negligence until this appeal, our case is distinguishable from *Scullark* and mandates a different result. We conclude that the trial court properly assessed the timeliness of defendant's petition and, since defendant failed to allege facts showing a lack of culpable negligence on his part, the trial court did not err in dismissing defendant's postconviction petition.

## II. Extended-Term Sentence and *Apprendi*

■ Defendant next contends that his 70-year extended-term sentence violates *Apprendi* because it was based on the elements of brutal and heinous conduct, factors not submitted to the jury or proven beyond a reasonable doubt. Defendant asks us to reduce his sentence to a term within the statutory range or remand the case for sentencing within the statutory range.

Several courts have held, pursuant to *Apprendi*, that where the State seeks to enhance or extend a sentence for murder on the basis that the crime was brutal or heinous, it must allege those facts in the charging instrument and prove them to a jury beyond a reasonable doubt. *People v. Rush*, 322 Ill. App. 3d 1014, 1027-28, 748 N.E.2d 832 (2001); *People v. Kaczmarek*, 318 Ill. App. 3d 340, 353, 741 N.E.2d 1131 (2000); *People v. Beachem*, 317 Ill. App. 3d 693, 708-09, 740 N.E.2d 389 (2000). These courts have explained why the sentencing procedure based on elements of brutal and heinous conduct is unconstitutional under *Apprendi*. We follow these decisions.

This does not end our analysis, however, because the question

remains as to whether *Apprendi* applies retroactively to a postconviction petition. We note that there is a split among the districts of the appellate court and among the divisions of the First District as to whether *Apprendi* applies retroactively to postconviction petitions. Compare *People v. Herring*, 324 Ill. App. 3d 458, 467, 754 N.E.2d 385 (1st Dist. 6th Div. 2001); *Rush*, 322 Ill. App. 3d at 1027 (5th Dist.); *Beachem*, 317 Ill. App. 3d at 706 (1st Dist. 3d Div.) (all holding that *Apprendi* applies retroactively to collateral proceedings), with *People v. Helton*, 321 Ill. App. 3d 420, 422, 749 N.E.2d 1007 (4th Dist. 2001); *People v. Kizer*, 318 Ill. App. 3d 238, 252, 741 N.E.2d 1103 (1st Dist. 1st Div. 2000) (holding that *Apprendi* does not apply retroactively to collateral proceedings). See also *People v. Jones*, 321 Ill. App. 3d 515, 523, 747 N.E.2d 1074 (1st Dist. 2d Div. 2001) (holding that *Apprendi* does not apply retroactively to untimely successive postconviction petitions). In *Scullark*, this division agreed with the *Kizer* court and concluded that *Apprendi* does not apply to cases pending on collateral review. *Scullark*, 325 Ill. App. 3d at 892. Accordingly, the *Scullark* court concluded that the defendant's "attempt to raise *Apprendi* issues through this postconviction appeal [be] stricken." *Scullark*, 325 Ill. App. 3d at 892.

Based on *Scullark*, we similarly decline to address defendant's *Apprendi* argument; his argument is not properly raised on collateral review, whether timely or untimely filed.

### III. Constitutionality of Public Act 83—942

■ Defendant lastly contends that Public Act 83—942 (Pub. Act 83—942, eff. November 23, 1983), which amended the Act, violates the single subject rule of article IV, section 8, of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8). This argument has been rejected by every district of the appellate court, except for the Fifth District, which apparently has not yet addressed the issue. See *People v. Vilces*, 321 Ill. App. 3d 937, 944-45, 748 N.E.2d 1219 (2d Dist. 2001); *People v. Sharpe*, 321 Ill. App. 3d 994, 997, 749 N.E.2d 432 (3d Dist. 2001); *People v. Dorris*, 319 Ill. App. 3d 579, 585, 746 N.E.2d 303 (4th Dist. 2001); *People v. Jones*, 318 Ill. App. 3d 1189, 1193, 744 N.E.2d 344 (4th Dist. 2001); *People v. Roberts*, 318 Ill. App. 3d 719, 733-34, 743 N.E.2d 1025 (1st Dist. 2000). We find no persuasive reasons to depart from these decisions, since they are well reasoned and sound. Accordingly, we conclude that Public Act 83—942 does not violate the single subject rule.

## CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court of Cook County.

Affirmed.

WOLFSON and HALL, JJ., concur.