THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSE CRUZ, Defendant-Appellant.

First District (6th Division)    No. 1—99—3215

Opinion filed August 3, 2001.

Michael J. Pelletier, of State Appellate Defender's Office, and Michael Fries, of Williams & Marcus, Ltd., both of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Mary L. Boland, and Linda Halperin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BUCKLEY delivered the opinion of the court:

Defendant Jose Cruz appeals from an order of the circuit court of Cook County summarily dismissing his *pro se* petition for postconviction relief as untimely filed. Defendant contends that at the summary dismissal stage of postconviction proceedings, the trial court was not permitted to dismiss his petition on the basis of timeliness. He further asserts that he sufficiently demonstrated that his late filing was not due to his own culpable negligence. In a supplementary brief, he asserts that no matter what our decision may be with respect to the filing of his postconviction petition, the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), applies to his case.

Following a jury trial, defendant was found guilty of first degree murder, attempted first degree murder and aggravated battery with a firearm. In January 1996, he was sentenced to consecutive terms of 60 years and 30 years, respectively. These terms were to run consecutively to a 15-year sentence he received for a separate conviction under case number 93 CR 13478. His convictions and sentences were affirmed on direct appeal. *People v. Cruz*, 298 Ill. App. 3d 1150 (1998).

On June 2, 1999, defendant filed a *pro se* petition for postconviction relief alleging that trial counsel failed to investigate two possible alibi witnesses, would not allow him to testify at trial, failed to challenge six jurors for cause, failed to object to prejudicial and inflammatory photographs introduced by the State, failed to argue that the evidence was insufficient to sustain a conviction and failed to object to suggestive and tainted identification testimony. He further alleged that appellate counsel was ineffective for not raising any of these issues. Defendant acknowledged that his petition was untimely filed, but asserted that it was not due to his culpable negligence because he could not have demonstrated that his appellate counsel was ineffective until December 2, 1998, when his petition for leave to appeal was

denied by the supreme court. He also stated in the petition and with attached correspondence that he had paid an attorney $1,000 to file a postconviction petition, but the attorney waited until May 5, 1999, to tell him that he would not proceed in the matter because he found the possibility "of a successful postconviction relief is uncertain" based on the matters defendant had presented. This attorney left open the question of successful collateral proceedings if defendant could supply any other materials.

The trial court summarily dismissed his petition as untimely filed, specifically noting that under the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 1998)), defendant had almost a full two months to timely file from the date the supreme court denied his petition until January 30, 1999, the date on which the petition was due under the time limits set forth by statute.

Citing case law, defendant asserts that because the trial court was barred from engaging in any fact-finding at the summary dismissal stage, it could not make the factual determination of whether or not he was culpably negligent in the late filing of his petition.

●1 Section 122—1(c) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1(c) (West 1998)) provides that no proceedings may be commenced "more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of a sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner." A defendant who files after the applicable time period has expired must allege facts demonstrating that the delay was not due to his culpable negligence. *People v. Perry*, 293 Ill. App. 3d 113, 115 (1997); 725 ILCS 5/122—1(c) (West 1998).

Pursuant to section 122—1(c), defendant was required to file his petition for postconviction relief no later than January 30, 1999. Accordingly, he was also required to allege facts demonstrating that the delay was not due to his culpable negligence. *People v. Perry*, 293 Ill. App. 3d 113, 115 (1997); 725 ILCS 5/122—1(c) (West 1998).

Illinois courts have been divided as to whether a trial court may summarily dismiss a postconviction petition solely on the grounds of untimeliness. This issue is currently being considered by the supreme court in the following consolidated appeals from the Fourth and Fifth Appellate Districts: *People v. Johnson*, 189 Ill. 2d 694 (2000); *People v. McCain*, 189 Ill. 2d 696 (2000); and *People v. Boclair*, 189 Ill. 2d 690 (2000). However, in the recently decided case of *People v. Lopez*, 317 Ill. App. 3d 1047, 1052-53 (2000), this court held that the "unique

language" found in the Act "makes it possible for a trial court to summarily dismiss an untimely petition where the defendant has not sufficiently alleged a lack of culpable negligence." In *Lopez*, this court reversed the trial court's dismissal of the petition because the trial court failed to discuss the defendant's allegations of lack of culpable negligence and remanded for the trial court to make such a determination. *Lopez*, 317 Ill. App. 3d at 1054. Here, unlike in *Lopez*, the trial court did make the determination that defendant failed to allege sufficient facts to show that he was not culpably negligent.

Defendant asserts that the trial court's determination was incorrect. He contends that because he had hired an attorney to file a postconviction petition, he was entitled to rely on that attorney and therefore was not at fault for failing to file his petition before the due date. He directs our attention to the fact that the attorney did not inform him until after May 5, 1999, that he found no basis for a postconviction petition and therefore would not proceed in the matter. He also asserts that because appellate counsel did not inform him that the supreme court denied his petition on December 2, 1998, in all fairness, he should not be held to the January 30, 1999, due date.

•2 Initially, we note that neither the postconviction petition nor its attached correspondence shows whether defendant retained counsel before January 30, 1999. Further, even if he had retained counsel before the due date, he has provided us with no authority for his contention that he was entitled to rely totally upon counsel to timely file his petition thereby excusing any action on his part during the appropriate time frame. In fact, recent case law clearly holds that the opposite is true. See *People v. Rissley*, No. 82536, slip op. at 11 (March 15, 2001) ("[r]eliance on advice of counsel does not constitute a lack of 'culpable negligence' sufficient to excuse an untimely filing of a postconviction petition").

He has also cited no authority to support his suggestion that the attorney was required to file a petition where the attorney found no basis to do so. Finally, we find that he has cited nothing to support his contention that because he did not know that the supreme court had denied his petition for leave to appeal and therefore did not know that appellate counsel was ineffective until sometime after December 2, 1998, he should not be held to the statutory limitation for filing his postconviction petition. Section 122—1(c) of the Act clearly states that the petition must be filed on whichever of the specified dates occurs sooner, which in this case was the three years after his conviction. Accordingly, we find that the trial court properly determined that defendant failed to demonstrate that he was not culpably negligent in the late filing of his petition.

For these reasons, the order of the circuit court of Cook County summarily dismissing defendant's petition for postconviction relief is affirmed.

●3 Defendant asserts that even if we affirm the trial court's dismissal of his postconviction petition, we must determine the impact of *Apprendi* upon his consecutive sentences. However, our supreme court has recently determined that the narrow issue that was under consideration in *Apprendi* does not apply to whether a defendant was properly sentenced to consecutive terms. *People v. Wagener*, 196 Ill. 2d 269, 279-80 (2001). Accordingly, we find defendant's argument without merit.

Affirmed.

CAMPBELL, P.J., and GALLAGHER, J., concur.